The State *versus* Worthing.

Where several defendants are jointly indicted for a misdemeanor, and one is put on trial alone, he may introduce, as a witness, the wife of a co-defendant, who stands defaulted on his recognizance.

Exceptions, from the District Court, Rice, J.

The defendant, and one Charles Worthing, were jointly indicted for an assault and battery, and had recognized to appear, &c. Charles Worthing did not appear, and was defaulted on his recognizance. The defendant went to trial alone. In his defence, he offered as a witness, the wife of said Charles, and she was rejected by the court, as being incompetent. To that rejection, the defendant, after verdict against him, filed exceptions.

*Heath* and *Davis*, for defendant.

1. The wife was admissible. The case as to her husband was terminated. 1 Greenl. Ev. § 357. The doctrine laid down in the case of *King* v. *Lafone*, 5 Esp. 154, is not cor-

rect. 1 Greenl. Ev. § 363 and note. *King* v. *Fletcher*, 1 Strange, 633.

2. The general rule is, that the wife is not admissible as a witness, where her husband is a party, at least against his interest and consent. 1 Greenl. Ev. § 334, 335. But where the husband is no longer a party to the issue, that rule does not apply, and his wife is admissible, when called by a co-defendant. 1 Phil. & Am. Ev. 160.

C. J. TINDAL has ruled, that where several are joined in one indictment, the wife of one is admissible for the others, even when all are on trial. *Queen* v. *Sills & als.* 1 Car. & Kirwan, 494.

3. In this case, the wife was no party to the record, and there can be no objection to her competency.

*Codman,* County Attorney, for the State.

1. A separate trial, where several are indicted, is not a matter of right, but is within the discretion of the court. 16 Maine, 293.

2. Husband and wife are not admissible for or against each other, where either is directly interested in the proceedings, whether civil or criminal. *State* v. *Welch,* 26 Maine, 30.

WELLS, J. — The defendant was indicted, with one Charles Worthing, for an assault. Charles was defaulted upon his recognizance, and did not appear at the trial, which proceeded against the defendant alone, who was found guilty.

The defendant offered the wife of Charles Worthing, as a witness, but she was rejected, by the Judge of the District Court.

A wife is not a witness for a co-defendant in case of an assault, where the interests of all the defendants are inseparable. Yet where the grounds of defence are several and distinct, and in no manner dependent on each other, no reason is perceived, why the wife of one defendant should not be admitted as a witness for another. 1 Greenl. Ev. § 335.

In *Com.* v. *Easland & al.* 1 Mass. 15, five defendants were indicted, and the wife of one was offered as a witness for the

other four. She was rejected, but the court remarked, that to have had the benefit of her testimony, they should have moved to be tried separately from the husband, and for such reason, the motion would have been granted.

A verdict in favor of the defendant could not have been given in evidence for the husband. It does not appear in what manner, her testimony could have affected the interests of her husband. If it had that effect, it would not be admissible. *State* v. *Burlingham & al.* 15 Maine, 104; *Griffin* v. *Brown*, 2 Pick. 304. Even in a collateral proceeding, if her testimony would be the means of discord and contention between her and her husband, it would be rejected. *State* v. *Welch*, 26 Maine, 30.

It is not stated to what she would testify, and we cannot assume, that it would involve the interests of the husband.

It is a general rule of evidence, that a party to the record cannot be a witness, but after acquittal or conviction, if not rendered incompetent, he is admissible. *The People* v. *Bill*, 10 Johns. 94; *Gilmore* v. *Bowden & al.* 3 Fair. 412; *Commonwealth* v. *Marsh & al.* 10 Pick. 57.

But the wife is not a party to the record, and therefore does not fall within the rule. When called as a witness in a case, in which she and her husband have no interest, and where her testimony would not produce discord between them, she is competent. In such position, she is regarded by the law, as any other witness would be, and both may be witnesses, although their testimony should be contradictory. 2 Russ. on Crimes, 605. A difference in their knowledge or recollection of facts, is not considered, as justly tending to disturb the harmony existing between them. Her competency as a witness is only partially limited by the marriage contract. In the present case, her husband was not on trial, nor could he be defaulted upon the indictment. He could not be allowed to testify. And the reason given for such exclusion is the temptation to commit perjury, and if co-defendants were allowed to testify for each other, they might evade the ends of justice.

It is true, the husband might influence the wife to practice the same turpitude. But the mere danger of such result, would not seem to be a sufficient reason to exclude a witness in other respects entirely competent. She is not a party to the indictment, her husband was not on trial, and it does not appear, that she or her husband would be benefited by her testimony, or that it would create discord between them. The mere possibility, that she might commit perjury, and thereby procure the acquittal of the defendant, and that he would afterwards, when her husband should be put on trial, commit the same crime in favor of the husband, is too remote, and shadowy, to form the basis of a legal rule, excluding her testimony. The verdict must be set aside, and a new trial granted.