THE STATE OF MISSOURI, Respondent, *v.* JAMES L. BURN-SIDE, Appellant.

1. *Practice—New Trial.*—The Supreme Court will not reverse a judgment because the verdict is against the weight of evidence; but when there is no evidence, or the verdict is wholly unsupported by evidence, it will interfere and grant a new trial.
2. *Criminal Practice—Jurors.*—Jurors must be impartial and wholly unprejudiced. Where a juror upon his *voir dire* has sworn that he had never formed or expressed an opinion as to the guilt or innocence of the prisoner, and after verdict of guilty, the defendant moved for a new trial, for the reason that the juror had before the trial declared that he believed the prisoner to be guilty, which fact the defendant only learned after verdict, and filing affidavit of respectable witnesses testifying to such expression of opinion on the part of the juror, the court should set aide the verdict and grant a new trial.
3. *Witness—Competency.*—Where defendants jointly indicted are severally tried, the wife of the defendant not on trial is a competent witness for the co-defendant, except in cases of conspiracy and other joint offences.

*Appeal from Livingston Circuit Court.*

*Hall, Oliver* and *Dixon,* for appellant.

The court erred in refusing to set aside the verdict and grant a new trial, because one of the jury had, prior to the trial, expressed the opinion that appellant was guilty of the crime charged against him, and that he should be punished therefor, and upon his *voir dire* swore that he made no such expression ; and because the verdict of the jury was glaringly against the evidence in the cause, and manifestly against the law. (Busick v. The State, 19 Ohio, 199, *et seq.* ; 2 Gra. & Water. N. Tr. 399, &c. ; 22 Me. 198.)

The court erred in refusing to permit Mrs. Ella Barnes, a witness offered by appellant, to testify in the cause. She was a competent witness for appellant on his separate trial, although she was the wife of James Barnes, who was appellant's co-defendant in the indictment. (Whart. Am. Crim. Law, 295; 2 Russ. Crimes, 696, & note; 1 Greenl. Ev. § 335 ; 1 Mass. 15 ; 1 Gray, 555 ; 1 Phil. Ev. 75, & note ; 2 Stark. Ev., 3 Am. ed. 707–8, note 1 ; ib. 412, note 2.)

*Asper*, for respondent.

I. To reverse a conviction because a verdict is against evidence, it must be where the weight of evidence not only preponderates, but greatly and glaringly preponderates. The rule is well settled in this State. (Hartt v. Leavenworth, 11 Mo. 629; McKnight v. Wells, 1 Mo. 13; Campbell v. Hood, 6 Mo. 218; Lackey v. Lane, 7 Mo. 220; McLean v. Bragg, 30 Mo. 262; Irving v. Riddlesburger, 29 Mo. 340.) There must be no evidence. (Heyneman v. Garneau, 33 Mo. 565; Weber v. Degenhardt, 24 Mo. 458; Morris v. Barnes, 34 Mo. 412.)

II. The court did not err in refusing to admit Mrs. Ella Barnes to testify. She was the wife of James Barnes, a co-defendant, indicted with defendant, not convicted nor in any way released. The statute on evidence leaves the question as at common law. (R. C. 1855, p. 1578.) At common law the wife of an accomplice or co-defendant is not admissible any more than the husband. (1 Water. Arch. Crim. Law, 496; Whar. Cr. L. 294; Rosc. Crim. Ev. 113, & authorities.) In this country the cases conflict somewhat, but the weight of authority is that such evidence is inadmissible. (Note 1, Water. Arch. Crim. L. 16, 496; 10 Pick. 57.) In this State the rule was unsettled for several years. In Garrett v. The State, 6 Mo. 1, the court held that an accomplice was a witness, whether discharged or convicted; and if this was still the law, the wife certainly would be a witness. But this rule was doubted in the case of McMullen v. The State, 13 Mo. 30; and in the case of Roberts v. The State, 15 Mo. 59, it was settled that the accomplice was not a witness. This has been held to be the law up to this time. In this latter case, the court has referred approvingly to two cases, one English and the other American, where it was held that the wife of a co-defendant not on trial could not be admitted as a witness for the other co-defendant, on trial. This seems to give the weight of authority of the Supreme Court of this State to the exclusion of such a witness.

Rex v. Locker, 5 Esp. 107; State v. Smith, 2 Ired. 405;

Pullen v. People, 1 Doug., Mich. 48; Com. v. Garland, 1 Mass. 15; were all cases where the wife was held incompetent. Two of these cases are quoted with approval by our court, in 15 Mo. 59.

The case of People v. Bill, 10 Johns. 95; Com. v. Robinson, 1 Gray, Mass.; the case of Com. v. Barton, 10 Pick. 57, and in the case of Roberts v. State, 15 Mo. 59, it has been settled beyond a peradventure that the wife of an accomplice is an incompetent witness for a co-defendant. This is on the ground of public policy, which principle applies to the wife with force of equal strength as to the co-defendant. It is said in Greenleaf that the wife of a joint trespasser is not a competent witness for a co-defendant, even if the husband has been proven guilty of the charge. (1 Greenl. § 335; People v. Williams, 19 Wend. 377.)

III. The court did not err in refusing the new trial on the question of fact made in the motion, as to the expression of an opinion by a juror, John Austin.

It is alleged that on a certain day three boys heard Austin say in his shop that these men, Barnes and Burnside, were guilty, and should be punished. Austin denied, on his trial as a juror, that he had ever expressed an opinion as to the guilt or innocence of defendant. He so says in an affidavit, and his partner says he was with him all the time, and never heard him express an opinion as to their guilt or innocence. Austin is sustained by half a dozen of his neighbors, citizens of the town, as to his character for honesty, and for truth and veracity. (Whart. Crim. L. 654, & note 1, old edition; ib. 655, note t.; Conwell v. Anderson, 2 Ind. 122; 5 U. S. Dig. 434, ¶¶ 112, 115, 119; 12 U. S. Dig. 446-7, ¶¶ 34-5; Lisle v. The State, 6 Mo. 426; Com. v. Flanegan, 7 Watts & Serg. 415.) A mere casual expression of opinion formed from rumor, or a partial statement of the case, is not a sufficient cause of challenge or new trial. (Lisle v. State, 6 Mo. 426; Baldwin v. State, 12 Mo. 224; State v. Rose, 32 Mo. 354; 7 Watts & Serg. 415.)

The question of corruption in the juror is one to be sub-

mitted to the discretion and decision of the judge who tried the cause, upon all the facts in the case—the evidence of the juror, and affidavits to sustain and impeach him. (State v. Ross, 29 Mo. 51 ; Whart. Crim. Law, 655, note 1.)

The affidavit of a juror is received to sustain a verdict, but never to impeach it. (Dana v. Tucker, 4 Johns. 487 ; Lisle v. State, 6 Mo. 428; State v. Ross, 29 Mo. 51; Whart. 655, & note.)

WAGNER, Judge, delivered the opinion of the court.

The appellant and one James Barnes were jointly indicted in the Circuit Court of Livingston county, for the crime of robbery. Defendants severed on the trial, and at the November term, 1865, of the Circuit Court for said county, appellant was separately tried, convicted, and sentenced to the penitentiary for ten years. After making a motion for a new trial, and also in arrest of judgment, both of which were overruled, he appealed to this court.

The first ground that is insisted on for a reversal is, that the court erred in not setting aside the verdict, because it was against the evidence in the cause. Where there is no evidence, or where the verdict is wholly unsupported by evidence, this court will interfere and grant a new trial, in furtherance of the ends of justice ; but where it is simply a preponderance, or a question as to the weight of evidence, this court has invariably abstained from all interference.

The jury are, from the very nature of things, the rightful and legitimate triers of the facts, and from their peculiar organization they are the most competent to determine the proper credibility which is to be attached to the witnesses, and to weigh their evidence and find accordingly. It must therefore be a case glaring and palpable, which would induce us to interfere and disturb their finding. In examining the evidence, as preserved in the bill of exceptions, we cannot say that this is such a case. There is most obviously not a total want of testimony, for there are circumstances, which, if taken together, go very far to support the verdict.

And it would be impossible to review this testimony, and give it its proper weight and credit, without knowing something of the character of the witnesses, hearing them detail it, and being conversant with any bias or influence which may have operated on them. No error is perceived in the ruling of the court, in refusing to set aside the verdict for this reason.

The next ground assigned for a new trial is, that one of the jurors who served on the trial had prejudged the case; that the answers given by him, when the usual questions were propounded, as to whether he had formed or expressed an opinion, were not true; and that this disqualification was not known to the appellant till after the trial and verdict in this cause. To support this ground the affidavits of three persons were filed, stating that, before the trial, they heard the juror declare that he believed Barnes and the appellant were guilty, and that they ought to be punished. The counter affidavit of the juror was filed, denying that he ever made any such statement, and, in addition thereto, the affidavit of others, deposing to his character for veracity, and affirming that he was worthy of belief on oath. Another witness, who works in the shop with him, swore that he was in the shop with him on the day when the declaration of the juror concerning the guilt of the accused was alleged to have been made, and that he heard him make use of no such statement. It is to be here observed that the affidavits of the witnesses, ascribing the statement to the juror, are direct and positive, and cannot be overcome by the negative testimony by which they were sought to be counteracted. No effort was made to impeach their character for veracity, and hence we must take their affidavits to be true. True, the expression may have escaped the juror's mind, and it is not necessary to impute moral turpitude to him; but he was legally disqualified, and the appellant had the high and sacred constitutional privilege of being tried by men who were impartial, and who had never, at any time, prejudged his cause. Public policy dictates that the administration of public justice should

not only be free from reproach, but also from the least suspicion of reproach. Whilst the community have an abiding confidence in its fairness, its purity, and integrity, they will cheerfully submit and acquiesce in its decisions. They will approach its altars with the firm conviction that their persons and property will be protected, and their rights vindicated. But let an imputation of unfairness or partiality be thrown upon it, and its dignity is impaired, public respect is diminished, and its influence is gone.

Jurors should be wholly unexceptionable, and the usual test to judge of their fitness and competency is on their examination, on their *voir dire;* but if they do not answer truly, and fail to disclose their disabilities, the prisoner is not to be deprived of his rights when he subsequently discovers the objection.

On the trial the appellant offered to introduce as a witness in his behalf Mrs. Barnes, the wife of James Barnes, who was his co-defendant, and indicted jointly with him for the commission of the robbery. This evidence was objected to on the part of the State; the objection was sustained by the court, and the evidence excluded. This question has never before been presented to this court, and we have therefore no direct adjudication upon it. Since the case of the State v. Roberts, (15 Mo. 28,) the law has been considered as settled in this State, that where two persons are jointly indicted, neither is admissible as a witness for his co-defendant; and this is the rule whether they are tried jointly or separately. It was there declared that public policy, not interest, furnished the rule of exclusion. The question involved here was considered and discussed by Judge Ryland in that case, but as it was not presented by the merits, or necessary to be decided there, no opinion was arrived at.

In Michigan it has been held that if the co-defendant is incompetent, his wife—or, if the wife be indicted, the husband—would also be incompetent. (Pullen v. The People, 1 Doug., Mich. 48.)

The question was decided in the same way in New York,

in The People v. Bill, (10 Johns. 95,) and this principle is approved in 1 Cow. & Hill's Notes to Phillips' Ev. 72, where the learned authors seem to approve the doctrine, that when one defendant is not a competent witness for his co-defendant, when they sever in the trial, it is a necessary inference that the wife of such defendant is equally incompetent. There are other respectable authorities to the same point. But Professor Greenleaf says that "the wife is not a competent witness against any co-defendant, tried with her husband, if the testimony concerns the husband, though it be not directly given against him. Nor is she a witness for a co-defendant, if her testimony, as in the case of a conspiracy, would tend directly to her husband's acquittal; nor where, as in the case of an assault, the interests of all the defendants are inseparable; nor in any suit in which the rights of her husband, though not a party, would be concluded by any verdict therein; nor may she, in a suit between others, testify to any matter for which, if true, her husband may be indicted. Yet when the grounds of defence are several and distinct, and in no manner dependent on each other, no reason is perceived why the wife of one defendant should not be admitted as a witness for another." (1 Greenl. Ev. § 335.) And Wharton approvingly quotes the last paragraph of the above section, and adds, "Where the acquittal of one defendant does not necessarily involve the acquittal of the other, the wife of one defendant, where the trials are separate, is a witness for the other." (Whart. Crim. L. 295, 2d ed.)

It has been uniformly held that the wife of one of several defendants, accused of a crime alleged to have been jointly committed, is an incompetent witness for any of his associates when all of them are on trial. (Com. v. Manson, 2 Ashm. 31; Rex v. Fredrick, 2 Stran. 1095; Regina v. Denslow, 2 Cox, C. C. 230; Com. v. Robinson, 1 Gray, 555; The State v. Burlingham, 15 Me. 104.)

But it is established by a series of well considered decisions, and such seems to be the decided weight of authority, that where several are jointly indicted for an offence which

23—VOL. XXXVII.

may be committed by one or more, and they are tried separately, the wife of one defendant is a competent witness for the others; and on separate trials, they are entitled to the benefit of her testimony in all cases, except conspiracy or other joint offences. (Com. v. Manson, *supra;* The State v. Moffit, 2 Humph. 99: The State v. Worthing, 31 Me. 62; The State v. Anthony, 1 McCord, 286; Regina v. Allen, 1 Crawf. & Dix., C. C., 104.)

Upon the principles and analogies of law which govern in the rules for the production and admissibility of testimony, we are of the opinion that the evidence should be received. Upon the separate trial of the co-defendant, except in conspiracy and such like joint offences, the judgment in the case of the prisoner will neither enure to the benefit or to the injury of the husband, and therefore the rule of law precluding the wife from testifying either for or against her husband is not infringed.

Several other grounds have been insisted on by the counsel for the appellant, in opposition to the ruling of the court below, but we see no other errors in the record.

For the refusal of the court to grant a new trial, in consequence of the disqualification of the juror, and excluding the testimony of Mrs. Barnes, the judgment is reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.