THE STATE OF MISSOURI, Respondent, *v.* THOMAS WYATT, Appellant.

1. *Practice, criminal — Juror — Expression of opinion as to guilt or innocence of accused — Verdict set aside, when.—* Where, at the impaneling of the jury in a criminal cause, none of them disclosed the fact that they had expressed an opinion as to the guilt or innocence of the accused, but it was afterwards proved that one of them had previously declared his belief that the defendant was guilty, and had stated that he ought to be punished, the verdict should be set aside.
2. *Practice, criminal — Jury — Instructions as to grade of crime.—* Before a jury can convict of a certain degree of crime, they should be instructed as to what it takes to constitute the elements of that degree.

*Appeal from St. Clair Circuit Court.*

*E. J. Smith* and *Waldo P. Johnson*, for appellant.

*A. J. Baker*, Attorney-General, for respondent.

WAGNER, Judge, delivered the opinion of the court.

It appears from the record that one Fisher was indicted for the killing of a man by the name of Murphy, and the defendant was charged with being present, aiding, helping, abetting and assisting him in the commission of the crime. Upon the trial the jury found the defendant guilty of manslaughter in the second degree, and assessed his punishment at three years' imprisonment in the penitentiary. From the judgment and sentence rendered on this verdict he has appealed.

The principal reasons assigned for error are that one of the jurors who tried the case was incompetent to sit, and also that erroneous instructions were given on the part of the State. When the jurors were impaneled none of them disclosed the fact that they had formed or expressed an opinion in reference to the guilt or innocence of the accused. But after the trial a motion was made to set aside the verdict on the ground that Whitaker, who was foreman of the jury, had previously declared his belief as to the defendant's guilt, and had stated that he ought to be punished. This motion was sustained by affidavits. Whitaker filed a counter-statement in which he did not deny using the

expressions imputed to him, but said he was laboring under a misapprehension, and that he was thinking of a different case. This affidavit of Whitaker is not satisfactory, and is opposed by evidence which is much more explicit and clear. One of the affiants states positively that in the week previous to the trial Whitaker expressed his fears that defendant would be acquitted, and stated that it ought not to be so, as he believed he was guilty. The other one says that he was guarding the prisoner when he was confined in jail, and Whitaker accosted him and made inquiries respecting the defendant, and manifested his sentiments as to his guilt. The two witnesses who filed these affidavits appear to be truthful and unbiased, and no attempt is made to impeach their credibility in the least. The impression on my mind, from reading all the statements together, is that the juror was disqualified, and that it would be an imputation on the administration of criminal justice to permit the verdict to stand. (State v. Burnside, 37 Mo. 343.)

All the instructions asked for by the defendant were given, and they were sufficiently favorable. The instructions given for the State are not materially objectionable so far as they go, but they fail entirely to inform the jury about points which it was most important for them to know. The court nowhere tells the jury what it takes to constitute any of the grades of homicide, and yet instructs them that the punishment for murder in the first degree is death; for murder in the second degree, imprisonment in the penitentiary not less than ten years; that persons convicted of manslaughter in the first degree shall be imprisoned for a term not less than five years, and if of manslaughter in the second degree, for not less than three nor more than five years. The instruction then goes on defining the punishment for the lesser degrees. This instruction is almost identical with the one which was condemned by this court in Sloan's case (47 Mo. 604).

Before the jury can convict of a certain degree they should be informed and instructed as to what it takes to constitute the elements of that degree. Any other practice would lead to uncertainty and would render the jury liable to be misled, and to assess

punishments for a degree other than the evidence showed the defendant was guilty of.

The judgment should be reversed and the cause remanded for a new trial. The other judges concur.