Carr et al. v. The State.

---

## CARR ET AL. v. THE STATE.

1. WITNESSES: *Wife of co-defendant in same indictment.*
When several defendants are jointly indicted and put on trial together
for a crime alleged to have been jointly committed, the wife of one is
not a competent witness for any of them; but if the trials are separate
the wife of one not on trial is a competent witness for the others unless
her testimony will tend directly to the acquittal of her husband.

APPEAL from *Howard* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*Dan W. Jones, J. D. Conway, R. B. Williams, R. C. New-*
*ton, Met L. Jones* for appellants.

The court erred in excluding the testimony of Laura
Cooper. The wife of one *jointly* indicted with others, on
a *separate* trial, is a competent witness for the co-defend-
ants, except in cases of conspiracy, principal and accessory,

etc. Review *Collier v. State* and *Casey v. State*, and cite *1 Gr. Ev., top p. 389, par. 335; 2 Ashmead, 31; 1 Redding-ton, 62; 1 Bishop Cr. Pro., sec. 1019; 1 Mass., 15; 31 Me., 62, 64; 1 Met. (Ky.), 13; 14 Rich., 87; 2 Humph., 99; 6 Blatch., 76; 1 Doug. (Mich.), 48; 37 Mo., 343; 51 Mo., 27; 4 Snead, 426; 64 N. C., 54; 1 McCord (S. C.), 182;* etc.

*C. B. Moore*, Attorney General, for the State.

Relies on *Collier v. State, 20 Ark., 46*; and *Casey v. State, 37 Ark., 85.*

SMITH, J.  Forty-two persons were jointly indicted for the murder of Thomas Wyatt.  The defendants declining to sever, the State placed three of them upon trial together.  Carr and Thompson were convicted of murder in the first degree, and, after sentence of death was pronounced upon them, appealed to this court.

Evidence was given tending to connect the appellants with the commission of the offense.  They tendered as a witness Laura Cooper, wife of Sidney Cooper, one of the accused, but not then upon his trial.  It was stated that she was the only eye witness of the killing who was not under indictment; and it was proposed to prove by her the circumstances of the killing, and that no one of the defendants on trial was present or participated therein.  The State's evidence conduced to show that her husband was not one of the mob by whom Wyatt was killed, but that he was at the time plowing in his field.  The Circuit Court ruled that she was incompetent, her husband being a party to the indictment.  An exception was saved to this ruling, and it was urged as a ground for a new trial, and has been assigned for error here.

In excluding Laura Cooper from the witness-stand, the court below did but follow *Casey v. State, 37 Ark., 67.*

WITNESS: Wife of co-defend-ant in same indictment

In that case two men were jointly indicted as accessories to a murder. They severed, and on the trial of one, the wife of the other was excluded as a witness. And it was held the case fell within the principle of *Collier v. State, 20 Ark., 36.* There, upon the trial of the principal in a murder, the wife of an accessory was not permitted to testify.

When several persons are accused of a crime alleged to have been jointly committed, and are put on trial together, the wife of one of the defendants is not admissible as a witness for any of his associates. This, however, is not because her husband is a party to the record, but because the policy of the law prohibits persons standing in the relation of husband and wife from bearing witness for or against each other. Where the trial is joint she can not well give any testimony which would not affect her husband. It is the real identity of their interests, and not any fancied identity of their persons in law, that is the true ground of her disqualification. *Dominus Rex v. Frederick & Tracy, 2 Strange, 1095; R. v. Locker, 5 Espin-usse, 107; R. v. Hood, 1 Moody Cr. Cas., 281; R. v. Smith, Ib., 289; 1 Gr. Ev., secs. 334–5; Comm. v. Easland, 1 Mass., 15; Comm. v. Robinson, 9 Gray, 560.*

" The mere fact that the husband is a party to the record does not of itself exclude the wife as a witness on behalf of the other parties, but the rule of exclusion is only to be applied to cases in which the interest of the husband is to be affected by the testimony of the wife." *Thompson v. Com., 1 Metcalf (Ky.), 13.*

Accordingly, when the trials are separate, the wife of a co-defendant not on trial is a competent witness unless her testimony will tend directly to the acquittal of her husband, as in conspiracy or other joint offenses where the interests of the defendants are inseparable. For the judg-

ment in the case of the prisoner at the bar will inure neither to the benefit nor to the prejudice of her husband; and the reason ceasing the law also ceases. *2 Russell on Crimes, 8th Am. ed., 981 et seq. and notes; Roscoe's Cr. Ev., 4th Am. ed., 149 et seq.; 1 Gr. Ev., sec. 335; Wharton's Cr. Ev., sec. 392; 1 Bishop, Cr. Pro., sec. 1019.*

And the point has been expressly adjudged in *State v. Worthing, 31 Me., 62; U. S. v. Adatte, 6 Blatchf., 76; State v. Anthony, 1 McCord, 182; Moffitt v. State, 2 Humph., 99; Thompson v. Comm., ante; Cornelius v. Comm., 3 Metc. (Ky.), 481; Comm. v. Manson, 2 Ashmead (Pa.), 31; State v. Burnside, 37 Mo., 343; State v. McCarron, 51 Ib., 27.*

Against this array of authority are opposed *People v. Colbern, 1 Wheeler's Cr. Cas., 479,* decided in 1823 by the recorder's court of the City of New York; *Pullen v. People, 1 Douglass (Mich.), 48* and a dictum in *State v. Smith, 2 Iredell Law, 405.*

In *Workman v. State, 4 Sneed, 425,* the Supreme Court of Tennessee held that, upon the trial of the principal felon, the wife of his co-defendant, indicted as an accessory, was a competent witness. But this is also a departure from principle. For the acquittal of the principal goes to show that no offense was committed by anybody, and thus tends to the acquittal of the accessory. We therefore hold that Collier's case was correctly decided; but that Casey's case was an unwarranted extension of the rule, not justified by principle, nor supported by authority.

The judgment of conviction is reversed, and a new trial is awarded to Carr and Thompson.