## The State v. Gonce, *Appellant.*

1. **Criminal Practice**: PREJUDICE OF JUROR : NEW TRIAL, It is a good ground for a new trial when a juror, on his *voir dire* examination, has stated that he has neither formed nor expressed an opinion as to the guilt or innocence of the accused, it comes to the knowledge of the latter, after verdict, that such juror had prejudged the case, and that fact is made to appear to the satisfaction of the court.

2. ———— : ————. Whether in such case the juror had prejudged the case is a question of fact to be determined by the trial judge, on sworn statements, and the finding of the trial court thereon, when supported by evidence which it was his duty to weigh and consider, will not be disturbed.

3. ———— : ABSENCE OF DEFENDANT FROM TRIAL. The absence of defendant from the court during a part of the time of the trial, held, under the circumstances of this case, not to be a sufficient ground for a new trial.

4. ———— : EVIDENCE. On a trial for murder it is not competent for the defendant to testify as to his belief and apprehension of bodily harm and danger when he killed the deceased.

5. ———— : ————. It is for the jury to determine, from the facts in evidence, whether the accused had reasonahle cause to believe or apprehend from the deceased, danger to his life or limb when he committed the homicide.

6. ———— : ————. The specific grounds of the objections to evidence should be stated.

7. ———— : IMPEACHING WITNESS. Where it is sought to impeach a defendant who testified as a witness, by offering to read in evidence his statements contained in an affidavit for a continuance, a sufficient foundation is laid for its introduction when it is shown to defendant, and he admits he signed and swore to it, although he was not examined as to its contents.

8. ————. The record in this case held to sufficiently show that the judge who presided at the trial, and who was the judge of another circuit, had the authority to try the cause.

*Appeal from Greene Circuit Court.*—HON. M. G. McGregor, Judge.

AFFIRMED.

*Smith & Krauthoff* for appellant.

(1) The lower court should have granted a new trial because one of the jurors had prejudged the case. *State v. Burnside*, 37 Mo. 343; *State v. Wyatt*, 50 Mo. 309; *State v. Taylor*, 64 Mo. 358; *Sellers v. People*, 3 Scam. 412; *Presberry v. Com.*, 3 Dana, 203; *Busic v. State*, 19 Ohio St. 198; *U. S. v. Fries*, 3 Dal. 515. · (2) The accused must be present during the entire trial, and on account of his absence in this case the judgment should be reversed. *State v. Jones*, 61 Mo. 233; *State v. Able*, 65 Mo. 37; *State v. Buckner*, 25 Mo. 168. (3) It was proper for the defendant to be asked as to his motives and apprehensions when he shot the deceased. *State v. Banks*, 73 Mo. 592; *Vansickle v. Brown*, 68 Mo. 634; *Keenanis v. People*, 60 N. Y. 228. (4) The affidavit of defendant for a continuance should not have been read in evidence, as no proper foundation was laid for its introduction, and it was not proper evidence in rebuttal. (5) The eleventh instruction, given by the court of its own motion, was wrong. *State v. Vansant*, 80 Mo. 67; *State v. Stein*, 79 Mo. 330. (6) The instructions, asked by defendant and refused by the court, should have been given. (7) The record fails to show that Judge McGregor was properly authorized to try the case.

*B. G. Boone*, Attorney-General, for the state.

(1) Judge McGregor properly acquired jurisdiction of the cause by virtue of the request of the judge of the Greene circuit court. R. S., sec. 1106. (2) It was for the jury to say, on the facts in evidence, whether defendant had reasonable cause to apprehend danger to his life or limb. *White v. Maxey*, 64 Mo. 560; *Nichols v. Winfrey*, 79 Mo. 544. (3) The instructions given by the

court embodied all the law applicable to the case, under the evidence. (4) A judgment will not be disturbed on account of the momentary absence of defendant, unless it appears affirmatively from the record that the defendant was prejudiced. *State v. Grate*, 68 Mo. 22 ; *State v. Bell*, 70 Mo. 633 ; *State v. Lewis*, 80 Mo. 110. (5) The juror, Bryant, was not disqualified. *State v. Hosmer*, 85 Mo. 553. Besides, the decision of the trial judge on the matter should not be disturbed. *State v. Cook*, 84 Mo. 40 ; *State v. Bank*, 80 Mo. 626.

NORTON, J.—Defendant was indicted at the August term, 1884, of the Christian county circuit court for murder in the first degree, for killing one Charles Kyser.

On defendant's application a change of venue was awarded to the Greene county circuit court, and at the May term, 1885, of said court, the cause was tried and defendant convicted of murder in the second degree, and his punishment assessed at thirty years imprisonment in the penitentiary, from which he has appealed to this court. One of the grounds stated in the motion for new trial is, that J. D. Bryant, one of the jurors, had prejudged the case, which fact was not known by defendant till after the verdict was returned. In support of this ground, the affidavit of one Simpson was read, stating that a few days before the beginning of the term of court at which defendant was tried, he had a conversation with Bryant, in which affiant said to Bryant: "I guess Gonce's trial will come up this term of court," to which Bryant replied: "Well, I guess he ought to be hung, anyhow." The affidavit of one Porter was also read, stating that he and Bryant had been on the police force in Springfield together at one time, and that soon after the killing of Kyser, when the newspaper accounts relating to it were being published, he heard Bryant say that Gonce was guilty of murder and ought to be hung for it.

The affidavit of Bryant was also read, stating that he had no recollection of having heard of the killing of Kyser by Gonce prior to the time of his being summoned as a juror; that he had never, at any time prior to this trial of the cause, said to Simpson that Gonce ought to be hung, anyhow, and that he had never made a statement to Simpson, or to any other person, of similar import; that he had at no time or place formed or expressed any opinion as to the guilt or innocence of Gonce prior to the trial; that he had never at any time said to Porter that Gonce was guilty of murder and ought to hang for it; that he and Porter were on the police force of the city of Springfield till about the first of April, 1884; and that since that time, to the best of his knowledge, he never had any conversation with said Porter.

It is settled law in this state that it is a good ground for a new trial when a juror on his *voir dire* examination has stated that he has neither formed nor expressed an opinion as to the guilt or innocence of the accused, and after verdict it comes to the knowledge of the accused that such juror had prejudged the case, and that fact is made to appear to the satisfaction of the court. In such cases the question as to whether the juror had prejudged the case is one of fact to be determined by the trial judge, as any other question of fact on sworn statements. In the present case the question was submitted, on defendant's side, on the affidavit of Simpson imputing language to Bryant used a few days before the trial, and the affidavit of Porter imputing language to Bryant used on a different occasion, when the newspaper accounts of the homicide were being published, which, if believed by the trial court, might have justified the granting of a new trial. But the juror, Bryant, on his affidavit, positively and unequivocally denies that he used the language imputed to him either by Simpson or Porter. The trial court held upon this evidence that the fact alleged in the motion that Bryant had prejudged the case had not

been established, and we cannot see how it could have ruled otherwise, inasmuch as Bryant's affidavit, that he did not make the statement in a few days before the term of court at which the case was tried, which Simpson imputed to him in his affidavit, was entitled to as much credit as the affidavit of Simpson, alleging that he did make it, and inasmuch as his affidavit denying the use of the language imputed to him by Porter was entitled to as much credit as the affidavit of Porter imputing it. The *onus* of establishing the fact alleged rested on defendant, and it was for him to show it by a preponderance of evidence. This, we think, he has not done.

We have been cited to the cases of *State v. Burnside*, 37 Mo. 343; *State v. Wyatt*, 50 Mo. 309; *State v. Taylor*, 64 Mo. 359, as justifying a reversal of the judgment in this case. In the case first cited, three witnesses testified to hearing the same conversation in which the impeaching and disqualifying language of the juror was used. Their evidence was simply opposed by the affidavit of the juror and the statement of another person, at work in the shop where the conversation occurred, that he did not hear such remarks made. The affidavit of three witnesses in that case stood opposed to the affidavit of one. In the case before us it is the affidavit of one opposed by the affidavit of another, and nothing more. In the case of *State v. Wyatt*, 50 Mo. 309, the juror admitted the remark attributed to him in the affidavits filed. In the case of *State v. Taylor*, the juror did not positively deny having made the remarks attributed to him, but virtually admitted them. The present one is more analogous to the case of *State v. Cook*, where, upon the affidavit of two persons, one of them stating that soon after the homicide the juror expressed a willingness to go up and hang the defendant, and the other stating that the juror had expressed, in his hearing, an intention of condemning the defendant, should he be called upon the jury. This juror filed a counter affidavit

denying the truth of the affidavits, and the prosecuting attorney testified that after the jury had been sworn, Lancaster asked him why he had accepted Forrester as a juror; that Forrester had told him that if he was called to serve upon the jury he could not hang the defendant. In passing on the question it is said: "Upon the evidence, the court found that the charge against the juror was not sustained. The finding, being supported by the evidence, which it was the duty of the trial judge to consider and weigh, cannot be disturbed in the appellate court."

The principle governing in such matters is well stated by Judge Sherwood, in the case of *Morgan v. Ross*, 74 Mo. 318, where a motion for a new trial was made for alleged misconduct of the jury, and overruled, and where it is said: "There were affidavits on this subject *pro* and *con*. The lower court had better opportunities than we of coming to a correct conclusion in this regard, and being unable to see that there has been any abuse of judicial discretion requiring our interference, we refuse to interfere."

It appears from the record that at defendant's request the sheriff went out with him during a part of the examination of witness Cox; that this fact was known to his attorney; that the attention of the court was not called to it, or what evidence was given by Cox during his absence. The record contains the following statement: "The court knew nothing of defendant leaving the court room at any time when any proceedings were being had. Several times defendant, in charge of sheriff, passed by court's stand into clerk's office, and proceedings were immediately stopped and court does not believe that any proceedings were had, or that defendant could pass out that way without court noticing it. After William Larkin had gone off the stand, Judge Larkin came on; sheriff took defendant out through the audience and front doors, and court noticed defendant come

inside bar after four or five preliminary questions had been asked witness, and the court required the attorneys to ask the same questions again, and instructed sheriff to notify the court when defendant went out, and at no time was the court's attention called to any other time till motion for new trial was filed." To reverse a judgment in a case where defendant voluntarily absents himself without the knowledge or permission of the court, and with the knowledge of his counsel of such absence, who did not bring the fact to the attention of the court, it not appearing what evidence was heard during his absence, would be to establish a dangerous precedent, and one which this court declined to establish in the case of *State v. Grate*, 68 Mo. 22, by refusing to reverse a judgment where it appeared that the defendant was absent from the court room during a portion of the final argument of the prosecuting attorney. This case was followed in the case of *State v. Bell*, 70 Mo. 634. The facts above stated constitute no stronger ground for granting a new trial than if defendant, during the progress of the trial, had chosen to render himself oblivious to what was transpiring by going to sleep.

Defendant was put upon the stand, and in his examination in chief, certain questions were propounded to him as to his belief and apprehensions at the time he shot deceased. The court committed no error in refusing to allow them to be answered, for the reason that it was for the jury to determine, from the facts in evidence, whether defendant had reasonable cause to believe or apprehend danger to his life or limb. *White v. Maxey*, 64 Mo. 560. After defendant had been dismissed from the witness stand, and after examining several witnesses, and after closing his evidence, the state, in rebuttal, introduced several witnesses, and produced an affidavit of the defendant for continuance, and offered it in evidence. This was objected to on the ground that no foundation had been laid for its introduction, whereupon, by per-

mission of the court, defendant was recalled for further cross-examination, and was asked: "Who was present when you shot Kyser? Did you see any revolver? Did you see any one pick up a revolver? What was it Kyser said? Did Kyser say are you ready, or you are ready, are you?" All of these questions were objected to on the ground that they were irrelevant and incompetent, and that defendant had not been examined with reference thereto. The objections were properly overruled. The defendant, in his examination in chief, had been examined fully as to what took place at the time of the killing, and the questions propounded on cross-examination related to nothing else.

The record then states: "Here an affidavit for continuance was shown the defendant, and he said in answer to an inquiry by the state, which was objected to and overruled, and exceptions taken, that the signature was his, and he swore to the affidavit. The specific grounds of the objection to the inquiry of defendant as to whether the affidavit shown to him was signed and sworn to by him are not stated, and the objection cannot, for that reason, be considered here, as has been ruled by this court, and under the ruling in the case of *State v. Stein*, 79 Mo. 330, a sufficient foundation was laid for the introduction of the writing when it was shown to defendant and he admitted that he signed and swore to it.

It is also insisted that the record does not show that Judge McGregor, who presided over and conducted the trial, had authority to do so. This point is not well taken. The record recites that on the twentieth day of May, it being the fifteenth day of said May term of court, the Hon. M. G. McGregor, judge of the fifteenth judicial circuit of Missouri, on the written request of Hon. W. F. Geiger, assumed the duties as judge of this court, and presided over the court up to and including June 15, the thirty-sixth day of said term. It is expressly provided, both by section 29, article 6, of the constitution, and by

section 106, Revised Statutes, that at the request of the judge of any circuit, any term of court, or part of term in his circuit, may be held by the judge of any other circuit. The record recital that Hon. M. G. McGregor, judge of the fifteenth judicial circuit, assumed the duties of judge at the May term of the circuit court of Greene county, on the written request of Hon. W. F. Geiger, judge of the circuit of which Greene county was a part, is a sufficient authentication of his authority to preside as judge.

The instructions given by the court were full and fair to defendant, and such as have been repeatedly approved by this court, and covered every phase of the case to which the evidence could apply. Nor do we find any error in the action of the court in refusing the numerous instructions asked by the defendant, inasmuch as they were but repetitions of those which the court had already given.

After a careful examination of the whole case, we find nothing which would justify us in interfering with the verdict, which is fully supported by the evidence. Judgment affirmed. All concur.