## GILL *v*. STATE.

## Opinion delivered July 21, 1894.

1.  *Homicide—Joinder of counts as principal and accessory.*
    One indicted for murder may be charged in one count as principal and in another as accessory before the fact, and in such case the State will not be required to elect, since the two counts charge the same offense in different modes.

2.  *Instruction—Circumstantial evidence.*
    It is error to charge the jury that "if the facts and circumstances proved *by the preponderance of evidence* are such as to satisfy the jury beyond a reasonable doubt, then such evidence is entitled to the same weight as direct or positive testimony," as the facts themselves from which the inference of guilt is drawn must be proved beyond a reasonable doubt.

3.  *Instruction—Credibility of accomplice.*
    Where defendant and an accomplice are jointly indicted for murder, and the indictment against the accomplice is dismissed, in order that he may testify for the State, it is error to charge the jury that this fact should not be taken into consideration in determining the credibility of the accomplice.

4.  *Witnesses—Competency of wife of co-defendant.*
    Where two persons are indicted separately for the same murder, and it does not appear which is charged as principal, or that there was a conspiracy between them to commit the murder,

the wife of one of them is a competent witness on behalf of the other, unless her testimony will tend directly to the acquittal of her husband.

5. *Evidence against accessory—Acts of principal.*

The acts of a principal in a murder case, except his confessions, done either before or after the murder, tending to show his guilt, are admissible to show the guilt of his accessory.

6. *Evidence—Acts of fellow-conspirators.*

Where a conspiracy is shown by evidence *aliunde*, the acts and declarations of a conspirator, done or made while the conspiracy continues, and in furtherance of the common object, are admissible against a fellow conspirator, and it is not material whether the former is indicted or not, nor what the nature of the indictment is, provided the offense involves a conspiracy.

Appeal from Union Circuit Court.

CHARLES W. SMITH, JUDGE.

*Jesse B. Moore* for appellant.

1.   The ninth instruction appears to be a contradiction of the law, rendering nugatory the rule and right of impeachment. It invades the province of the jury. The tenth also invades the province of the jury, and is argumentative. The eleventh, twelfth and thirteenth are abstract, and inapplicable to the State's theory. They tended to mislead and confuse the jury. 20 S. W. 588–590. The fourteenth is objectionable because it directed the jury not to consider Will McGough's criminal surroundings—his pardon of confessed murder, etc., in determining the guilt or innocence of defendant, when those matters go to his credibility and the weight to be given his evidence. The fifteenth is objectionable— the latter part abstract. The sixteenth is highly prejudicial.

2.   It was error to refuse the eleventh asked by defendant. It was not cured by the seventh. 23 N. E. 90–1. Where *incompetent* evidence is admitted, it is the duty of the court, not only to instruct in general terms as to the incompetency of such evidence, but to

admonish the jury specifically in reference to same. 2
Thomps. Trials, sec. 2354; *Ib.* sec. 2415; 13 Lea,
(Tenn.), 701; 16 S. W. 461–3.

3. It was error to admit statements and declarations
of the alleged co-conspirators, made subsequent to the
death of Sherman. Courts may exclude *irrelevant*
evidence introduced, and will presume that the verdict
was based on *legal* evidence only. 43 Ark. 102; 102 U.
S. 451. But these cases are not applicable where the
evidence is *incompetent* and *material.* 5 Tex. App. 273;
19 N. Y. 302; 39 *id.* 360, 457; 53 N. W. 120; 69 Ill.
151; 36 *id.* 166; 19 Wend. 232; 2 Thompson, Trials, sec.
2354 and 2415; 16 S. W. 461–3; 13 Lea, (Tenn.) 701.

4. Jack Gill's confessions were admissible on the
ground that he was the real principal, and defendant
was tried as an accessory. 57 Ark. 10. No conspiracy
was proved, and hence declarations were inadmissible.
74 Ala. 16 and 404; 28 Ala. 82; 6 S. W. 546; 16 *id.*
461; 77 Cal. 495. When the proof of conspiracy is cir-
cumstantial, the defendant's connection with it must be
established by his own acts, and not by the acts of others.
Carson on Conspiracy, 124; 2 Mass. 329; 7 Biss. 175;
1 East, P. C. 96.

5. The State's counsel was allowed to make un-
warranted comments in his argument. 25 S. W. 279.

6. It was error to rule that Georgia Gill was in-
competent to testify. Mansf. Dig. sec. 1511; 42 Ark.
204. Any co-conspirator may be tried and convicted,
although the principal may have been discharged. 2
Humph. (Tenn.) 100, top p.; 4 Sneed, 425; 3 Metc. 483–
4; 37 Mo. 349; 1 Metc. 16–17; 6 Blatch. 76; 20 S. W.
220; Whart. Cr. Ev. 306; Elliott, App. Pr. secs. 632,
670; 21 N. E. 476.

*Jas. P. Clarke,* Attorney General, and *Chas. T.
Coleman* for appellee.

' 1.   The instructions are the usual instructions given in murder trials, and state the law correctly. The eleventh was substantially given in the seventh, and it is not error to refuse to repeat.

2.   The indictment meets all the technical requirements.

3.   The declarations of co-conspirators were incompetent.   57 Ark. 10.   The court specially instructed the jury to disregard them.   The error was thus purged.

4.   When a conspiracy is proved, every act or declaration of one becomes the act or declaration of all the others.

5.   No exception was saved to the argument of the State's attorney.

6.   The testimony of Georgia Gill was properly excluded.   She was the wife of a co-defendant.   42 Ark. 204.

WOOD, J.   The appellant was jointly indicted with Jack Gill, in the Union circuit court, for the crime of murder in the first degree.   The indictment is in two counts, the first charging appellant as principal with Jack Gill, and the second charging him as accessory before the fact to the murder by Jack Gill.   It is permissible to charge one as principal and as accessory before the fact, in the same indictment.   *Lay* v. *State*, 42 Ark. 105; *Thompson* v. *Com.* 1 Met. (Ky.) 13; 2 Bish. Cr. Pr. sec. 7.   The court did not err in overruling the demurrer, nor in refusing to require the State to elect, since the second count was only a different mode of charging the same offense.   *Lay* v. *State, supra.*

1. Joinder of counts as principal and as accessory.

The appellant was tried and convicted of murder in the second degree.   The jury found him guilty as principal.

We find no error prejudicial to appellant in the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth instructions given at the request of the State.   Of.

those relating to murder in second degree and manslaughter, the appellant cannot complain, since the deceased was killed by some one lying in wait. Mans. Dig. sec. 1521.

The tenth and sixteenth are incomplete, and, taken alone, would be misleading, in not declaring the extent to which the testimony of an accomplice must be corroborated in order to justify conviction. But the necessary supplement to these is found in the fourth given at the request of appellant, which is a correct enunciation of the law. *Vaughan* v. *State*, 58 Ark. 353, and cases cited ; Mans. Dig. sec. 2259.

The court might very well have refused the eleventh, twelfth and thirteenth given at the instance of the State, because there is nothing in this record to indicate that the State was seeking conviction upon circumstantial evidence alone. *Vaughan* v. *State*, 58 Ark. *supra*. The giving of them, however, can not be said to be error, they are correct, since there was circumstantial as well as direct evidence in the case. The eleventh is correct.

2. Instruction as to circumstantial evidence disapproved.

The twelfth tells the jury, "If the facts and circumstances proved by the preponderance of evidence are such as to satisfy the jury beyond a reasonable doubt, then such evidence is entitled to the same weight as direct or positive testimony." This was error. It would allow conviction in criminal cases upon a preponderance of the evidence. The guilt or innocence of the prisoner, in cases depending on circumstantial evidence, is always reached by a process of inference or presumption from certain facts proved by direct evidence. 1 Greenleaf, Ev. p. 22, note 1. If these facts, which form the basis of the inference of guilt, are only to be proved by a preponderance of the evidence, how can it be said that the prisoner's guilt has not been established by a preponderance? The foundation being unsound,

the superstructure is necessarily incomplete. So that the vice of the first part is not removed by the latter part, which says, "such as to satisfy the jury beyond a reasonable doubt," and "that the evidence must be of such a character as to exclude every reasonable hypothesis, other than that the defendant is guilty." The jury might believe facts proved by a preponderance of evidence, and from these, so proved, have no reasonable doubt of the defendant's guilt, yet they might not believe that the facts themselves, from which they had inferred guilt, had been established beyond a reasonable doubt. The facts themselves, from which the inference of guilt is drawn, must be proved beyond a reasonable doubt. 1 Greenleaf, Ev. p. 22 note 1; *People* v. *Ah Chung*, 54 Cal. 398; *Com.* v. *Doherty*, 137 Mass. 245. The instruction declares the law, with the words "by the preponderance of evidence" omitted.

Since there is no difference in the kind of probative force required, whether the case be one depending upon positive or circumstantial evidence, the thirteenth was improper and unnecessary, though we cannot say, in view of the other instuctions, that it was prejudicial.

The fourteenth told the jury that the fact "that Will McGough was heretofore jointly charged and indicted with the defendant for the alleged murder of Simon P. Sherman, and that the State, by its prosecuting attorney, and leave of the court, have dismissed the indictment as to him, is not to be taken into consideration by the jury in determining the guilt or innocence of defendant." Will McGough was an accomplice. He says he was indicted with Jack and Jim Gill for the murder of Sherman; that he made the confession in the case because he believed he would be turned loose if he made the statements testified to by him. In view of this proof, this part of the fourteenth instruction was erroneous and prejudicial. McGough was offered by the

3. Instruction as to credibility of accomplice disapproved.

State as the only eye-witness to the transaction. His testimony was very material, and very damaging to the accused. While he was an accomplice, and stood discredited by the law, to the extent that a conviction could not be had upon his uncorroborated testimony, yet his credibility was with the jury; and if they believed him, and found his testimony corroborated, as the law requires, the effect was necessarily most detrimental to appellant. Therefore, the jury should have been allowed to consider any fact throwing light on the credibility of this witness. How strongly he was actuated to testify for the State by the hope of having the case against him dismissed appears from his own statement. The court tells the jury not to consider the very fact which this witness says he turned State's evidence to attain. True, the court, in an instruction as to the credibility of witnesses, tells the jury they are to consider the interest or bias of any witness. But this is rather in conflict with the one under consideration, which tells them this particular interest in having the case against him dismissed is not to be considered, or rather, which is to the same effect, that the fact that it was done is not to be considered. The latter part of the instruction is not objectionable.

The latter part of the fifteenth as to accessory after the fact was abstract, but not prejudicial.

**4. Co-defendant's wife as a witness.** The appellant offered to prove by Georgia Gill, wife of Mathew Gill, among other things, that appellant was not present when the alleged crime was committed. The court held the witness incompetent. Mathew Gill, it appears, was indicted for the same offense, as accessory before the fact, but in a separate indictment. The bill of exceptions does not show who was charged as principal. It devolves upon the party making the objection to show the alleged incompetency of a witness. Wharton's Cr. Ev. sec. 358. To ren-

der the wife of Mathew Gill incompetent to testify on behalf of appellant, it was necessary for the State to show that Jim Gill was charged as principal in the indictment with Mathew, or that a conspiracy was formed on the part of Mathew and Jim to murder Simon Sherman, and that the testimony of the wife of Mathew in Jim's case would tend to affect the interest of her husband on his trial. "Wherever a defendant is incompetent to testify for or against a co-defendant, then the husband or wife of such person is to the same extent incompetent." Wharton's Cr. Ev. sec. 391. "But when the grounds of defense are several and distinct, and in no way dependent on each other, no reason is perceived why the wife of one defendant should not be admitted as a witness for another." 1 Greenleaf, sec. 335. In *Carr* v. *State*, 42 Ark. 204, Judge Smith says: "When the trials are separate, the wife of a co-defendant not on trial is a competent witness, unless her testimony will tend directly to the acquittal of her husband, as in conspiracy or other joint offense, where the interests of the defendants are inseparable." See authorities cited in that opinion. The record purports to set forth all the evidence that was introduced. It is nowhere shown that Jim Gill was charged as principal in the indictment charging Mathew as accessory before the fact, nor does it anywhere appear that Mathew and Jim were charged with conspiring together to kill deceased. Therefore, the incompetency of the witness, Georgia Gill, does not appear, and it was error for the court to refuse her testimony.

The court, in one of its separate charges, has recognized the error of admitting certain confessions and admissions in the absence of defendant, and it is unnecessary for us to notice this objection at length, for the error will not occur on another trial. Nor is it necessary for us to discuss what effect the refusal of the court to

5. Principal's acts as evidence against accessory.

give the appellant's eleventh prayer would have had upon the cause. We will proceed however, in view of another trial, to state the rule. So far as the declarations and conduct of Jack Gill are concerned, he being charged as principal, the rule is: "Any acts and conduct of the principal, tending to show his own guilt, is evidence of such guilt as against the accessory." 2 Bish. Cr. Pr. sec. 13. This would apply to any acts or declarations of the principal either before or after the alleged murder, except declarations in the nature of confessions. When the trial is separate, and the principal may be called as a witness, the current of authority, says Mr. Bishop, seems to reject his confessions. 2 Bish. Cr. Pr. sec. 13, and authorities cited; *Vaughan* v. *State*, 57 Ark. 10. As to the declarations of co-conspirators, the rule is well settled that "when once the conspiracy or combination is established, the act or declaration of one conspirator is considered the act or declaration of all, and imputable to all when said or done in furtherance of the common object." Wharton on Cr. Ev. sec. 698. The conspiracy, however, must first be shown by evidence *aliunde.* The acts and declarations of the conspirators can only be admitted against each other when done or made while the conspiracy continues. Wharton, Cr. Ev. sec. 698; *Cox* v. *Vise*, 50 Ark. 283. Nor is it material, as to the admissibility of the acts and declarations of a conspirator against a defendant, whether the former be indicted or not, nor what the nature of the indictment is, provided the offense involve a conspiracy. Wharton, Cr. Ev. sec. 700.

6. Declarations of co-conspirator as evidence.

The other grounds of the motion for new trial, we deem it unnecessary to discuss.

For the errors indicated, the judgment is reversed, and cause remanded for a new trial.