BENSON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 2, 1917.)

No. 2630.

1. CRIMINAL LAW ☞265—INDICTMENT AND INFORMATION ☞139—PLEA IN ABATEMENT—MOTION TO QUASH—DELAY IN FILING.

Objections made on the day the case was called for trial by motions to abate the prosecution and to quash the indictment, which stated facts sufficient to constitute the offense, were properly overruled as not having been made with due promptness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 616, 617; Indictment and Information, Cent. Dig. § 473.]

2. CRIMINAL LAW ☞1036(8)—APPEAL—PRESENTING QUESTIONS BELOW—EXCEPTIONS—SUFFICIENCY OF EVIDENCE.

The question of the sufficiency of the evidence to support the charge made by the indictment is not presented for review, where no exception was reserved to a ruling of the court thereon.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2641.]

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

D. L. Benson was convicted of violating the White Slave Act (Act June 25, 1910, c. 395, 36 Stat. 824 [Comp. St. 1913, §§ 8812–8819]), and he brings error. Affirmed.

F. E. Kennamer, of Madill, Okl. (C. A. Coakley, of Madill, Okl., on the brief), for plaintiff in error.

James C. Wilson, U. S. Atty., and Wm. E. Allen, Asst. U. S. Atty., both of Dallas, Tex.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

PER CURIAM. The indictment in this case alleged conduct of the defendant (the plaintiff in error here) containing every ingredient required to constitute an offense denounced by the statute known as the White Slave Act. 36 Stat. 825. Under the ruling made in the case of Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. —— (January 15, 1917), the judgment presented for review is not subject to be reversed on the ground that the indictment failed to charge the commission of a criminal offense.

[1] The objections made on the day the case was called for trial by motions to abate the prosecution and to quash the indictment were subject to be overruled on the ground that they were not made with due promptness after the opportunity was afforded the defendant to make them. Lowdon v. United States, 149 Fed. 673, 79 C. C. A. 361. Assuming that either of those objections would have been sustainable if the defendant had acted with due promptness in making it, he lost the right to urge it by withholding the making of it until a trial of the charges made was about to be entered upon.

[2] The question of the sufficiency of the evidence adduced to support a charge made by the indictment is not presented for review by any exception reserved to a ruling of the court on that subject.

We find no reversible error in the record.

The judgment is affirmed.