## FOSTER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.    February 27, 1919.)

### No. 3251.

1. INDICTMENT AND INFORMATION ⬥132(8)—ELECTION BETWEEN COUNTS—DISCRETION.

In view of Rev. St. § 1024 (Comp. St. § 1690), authorizing joinder in one indictment of several charges for the same act or transaction, election by the government between counts, all based on the same transactions, and all alleged to have been violations of Penal Code, § 225 (Comp. St. § 10395), as to embezzlement by postmaster, need not be required before the evidence is presented, but is in the discretion of the trial judge.

2. POST OFFICE ⬥38, 48(7½)—EMBEZZLEMENT BY POSTMASTER—INDICTMENT—INTENT—"WILLFUL."

Under Pen. Code, § 225 (Comp. St. § 10395) making it embezzlement for a postmaster to fail to remit or to fail or refuse to surrender money order funds on demand of authorized agent of Postmaster General, no specific intent is involved, so it is enough for indictment to aver that defendant acted willfully; "willful" implying knowledge and purpose to do wrong.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Willful.]

3. INDICTMENT AND INFORMATION ⬥65—EMBEZZLEMENT BY POSTMASTER—MATTERS OF EVIDENCE.

Averments of indictment against postmaster under Penal Code, § 225 (Comp. St. § 10395), for embezzlement, *held* good against objection that they did not say by what means the alleged depository of the post office was designated and the post office inspector made the authorized agent of the department; these being matters of evidence rather than of averment.

4. CRIMINAL LAW ⬥1186(4)—REVERSAL—INDICTMENT—DEFECT OF FORM.

Any imperfect averment of an indictment, being a matter of form, which could not have prejudiced defendant, was cured by Rev. St. § 1025 (Comp. St. § 1691), especially when first objected to on the trial.

5. POST OFFICE ⬥50—EMBEZZLEMENT BY POSTMASTER—QUESTION FOR JURY.

Oral testimony of post office inspector that the H. post office was the designated depository for money order funds for the S. post office, with the fact that defendant, while postmaster at S., had habitually made remittances of such funds to H., was sufficient for submission of the issue to the jury.

6. CRIMINAL LAW ⬥304(10)—EVIDENCE—JUDICIAL NOTICE—POST OFFICE INSPECTOR'S AUTHORITY.

Post office inspector's authority to demand and receive money order funds is a matter of post office departmental rules and regulations, of which the courts take judicial notice.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. CRIMINAL LAW ⬅⮞400(3)—EVIDENCE—OFFICIAL CAPACITY OF WITNESS.

Witness could, without producing his commission, testify that, when he made a demand on defendant postmaster for money order funds, he was a post office inspector; his testimony establishing, at least, his character as a de facto officer.

8. CRIMINAL LAW ⬅⮞371(2)—EVIDENCE—OTHER OFFENSES—INTENT.

Proof of previous failures of defendant postmaster to remit, as required by law, and likewise that he had issued money orders to himself to pay for whisky, without paying for them, was competent on the question of intent, involved at least in the count charging embezzlement by conversion to his own use of the money order funds of which he was shown to be short.

9. POST OFFICE ⬅⮞38—EMBEZZLEMENT BY POSTMASTER—SHORTAGE.

It would be a shortage, on which the statutory embezzlement by a postmaster (Penal Code, § 225 [Comp. St. § 10395]) could be predicated, for him to issue money orders to himself to pay for whisky, without paying for them; it not being necessary that he actually received the money for which he failed to account.

10. POST OFFICE ⬅⮞38—EMBEZZLEMENT BY POSTMASTER—CHARACTER OF FUNDS—REGULATIONS OF DEPARTMENT.

Relative to embezzlement by postmaster of money order funds, the character of moneys received by him on C. O. D. parcel post packages, to be remitted to sender, is fixed by the Post Office Department, by its regulations, treating them as money order funds.

11. CRIMINAL LAW ⬅⮞1169(6)—HARMLESS ERROR—EMBEZZLEMENT—WRONGFUL INCLUSION OF FUNDS.

No fine being imposed, postmaster, convicted of statutory embezzlement of money order funds, could not be injured by ruling treating as such funds money received by him on C. O. D. parcel post packages, to be remitted to sender; such money constituting but a small part of the conceded balance due from him to the government, and not explained by him.

12. WITNESSES ⬅⮞360—DISCREDITING—GOOD CHARACTER IN REBUTTAL.

Testimony of defendant that, though he had signed a confession, he did so at instance of C., government witness, who knew it contained untrue statements, and promised him immunity if he signed it, tended to so discredit C. as to justify the government, on rebuttal, in proving his good character.

13. POST OFFICE ⬅⮞49—EMBEZZLEMENT BY POSTMASTER—EVIDENCE—ACCOUNT WITH AUDITOR.

The effect given by Penal Code, § 225 (Comp. St. § 10395), to the transcript of the account of a postmaster with the Auditor for the Post Office Department, showing a balance due the government from him, is to require him, on prosecution for embezzlement, to explain the shortage.

14. CRIMINAL LAW ⬅⮞786(1)—INSTRUCTIONS—INTEREST OF DEFENDANT.

A charge *held* properly given on the effect of the interest of defendant on the weight of his testimony.

15. CRIMINAL LAW ⬅⮞29—CONVICTION ON DIFFERENT COUNTS.

That all of the counts of an indictment under Penal Code, § 225 (Comp. St. § 10395), for statutory embezzlement by postmaster, are based on the same shortage, will not prevent conviction on more than one count, as the same shortage, may constitute all the offenses charged.

In Error to the District Court of the United States for the Western District of Louisiana; Geo. W. Jack, Judge.

John W. Foster was convicted under Penal Code, § 225, and he brings error. Affirmed.

⬅⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. M. Foster, F. J. Looney, and W. A. Wilkinson, all of Shreveport, La., for plaintiff in error.

Joseph Moore, U. S. Atty., of Shreveport, La.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. Plaintiff in error, who was the defendant in the District Court, was convicted in the Shreveport division of the Western district of Louisiana for a violation of section 225 of the Penal Code of the United States (Act March 4, 1909, c. 321, 35 Stat. 1133 [Comp. St. § 10395]). The defendant was postmaster at Shongaloo, La., at the time of the alleged commission of the offenses charged in the indictment. That instrument contained four counts, all based on the same transactions, and all alleged to have been violations of the different penal provisions contained in that section. The first count was abandoned by the government on the trial. The defendant was acquitted under the second, which charged embezzlement of money order funds by the defendant while postmaster at Shongaloo. The third count charged the defendant with failing or refusing to remit to or deposit in the Treasury of the United States, or in a designated depository, money order funds of the Shongaloo post office, and thereby embezzling them. The fourth count charged the defendant with having failed to account for or turn over to the proper officer or agent money order funds, when required so to do by the law or the regulations of the Post Office Department, or upon demand or order of the Postmaster General, either directly or through a duly authorized officer or agent, and having thereby embezzled them. The defendant was convicted under the third and fourth counts of the indictment, and sentenced to four years' imprisonment in the penitentiary.

[1] The defendant first complains of the overruling of his motion to require the government to elect on which of the four counts of the indictment it would proceed to trial. Section 1024 of the Revised Statutes (Comp. St. § 1690) authorizes the joinder in one indictment of several charges for the same act or transaction. The usefulness of the statute would fail, in cases where the different counts present one transaction in different forms to meet possible differing aspects of the evidence, if an election was required to be made before the evidence was presented. The matter was within the discretion of the District Judge, and his exercise of it against the motion was not only not an abuse, but was justified. Terry v. United States, 120 Fed. 483, 56 C. C. A. 633; McGregor v. United States, 134 Fed. 187, 69 C. C. A. 477; Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208.

[2] The plaintiff in error also complains of the overruling of his motion to quash each of the two counts of the indictment under which he was convicted. Two grounds of objection are made to the third count: That it was not charged in it that the defendant willfully and intentionally failed and refused to remit to and deposit in the post office at Shreveport, La., and that the charge was not specific enough as to what the requirements were as to making deposits, which had not been com-

plied with. The ground of objecting to the fourth count was, in substance, the first ground interposed to the third, applied to the averments of the fourth. No specific intent is involved in either of the offenses charged in the third and fourth counts. The statute makes the failure to remit, or the failure or refusal to surrender, on demand of an authorized agent of the Postmaster General, post office funds the offense of embezzlement. The failure must be willful, and it is averred in each count to have been done "willfully, unlawfully, and feloniously." The word "willful" implies on the part of a defendant knowledge and a purpose to do wrong. Its use was sufficient where the act constituting the offense was not required to be done with a specific intent. Felton v. United States, 96 U. S. 699, 24 L. Ed. 875; Potter v. United States, 155 U. S. 438, 15 Sup. Ct. 144, 39 L. Ed. 214.

[3, 4] The averments of the third count that Shreveport "was then and there the designated depository of the said post office at Shongaloo, La.," and of the fourth count, that the defendant failed to turn over to the post office inspector "upon demand and order of the Postmaster General, made through the said A. C. Caldwell, post office inspector, the said A. C. Caldwell, post office inspector, being then and there a duly authorized officer and agent of the Postmaster General," are good against the objection made to them that they do not say by what means the depository was designated and the post office inspector made the authorized agent of the department. The manner in which or the means by which these things were done are matters of evidence rather than of averment. The defendant could have obtained a more particular description by demanding a bill of particulars. No prejudice could have resulted to the defendant from the alleged imperfect averment, and, if imperfect, it was cured by section 1025 of Revised Statutes (Comp. St. § 1691), especially when, as in this case, objection was first interposed upon the trial of the cause. Benson v. United States, 240 Fed. 413, 153 C. C. A. 339; Evans v. United States, 153 U. S. 590, 14 Sup. Ct. 934, 38 L. Ed. 830.

[5] The plaintiff in error further insists that the government's proof failed to show that the post office at Shreveport was designated as a depository for the post office at Shongaloo for money order funds, and that Post Office Inspector Caldwell was authorized by law, or by regulation or order of the Postmaster General to demand of the defendant that he turn over to him the money order funds in his possession as postmaster.

The oral testimony of the inspector that the Shreveport post office was the designated depository for money order funds for the Shongaloo post office, together with the fact that the defendant himself had habitually made remittances of money order funds to Shreveport during his incumbency, was evidence sufficient for the submission of that issue to the jury.

[6] The post office inspector's authority to demand and receive money order funds is a matter of post office departmental rules and regulations, of which the courts take judicial notice. Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415. In addition, the defendant recognized the right of Caldwell to make the demand, by pay-

ing to him, in response to the demand that portion of money order funds he then had on hand.

[7-9] The plaintiff in error also relies upon numerous exceptions to the admission and rejection of evidence. He complains that the court permitted Inspector Caldwell to testify orally to the fact that he was a post office inspector at the time he made the demand. We think it was competent for him to testify to this fact, and that the production of his commission was not necessary. His testimony established at least his character as a de facto officer. Proof of previous failures on the part of defendant to remit, as required by law, was competent on the question of intent, which was involved at least in the second count, which charged embezzlement by conversion to his own use of the money order funds of which he was shown to be short. For the same reason, proof that he had issued money orders to himself to pay for whisky, without paying for them, was competent. Under the counts under which he was convicted, proof of an amount due the government in that way, and not accounted for by him, would be a shortage, on which the statutory embezzlement could be predicated. It was not essential for the government to show under those counts that he had actually received the money he failed to account for.

[10, 11] The defendant also contends that the money received by him on C. O. D. parcel post packages, to be remitted to the sender, did not constitute money order funds, and could not be considered by the jury in determining the shortage. The evidence showed that the post office regulations provided that the C. O. D. tags should be treated as applications for money orders, and that the delivering postmaster should fill out a money order on the sending post office to remit the amount collected from the addressee. The department treated such moneys as money order funds, and they clearly might be properly so treated, and this fixed their character as such. Again, the funds of this character were but a small part of the conceded balance due from defendant to the government, and not explained by him, and the ruling could have made no difference to the defendant on whom no fine was imposed.

[12] It is also objected that the government was permitted to fortify the credibility of its witness Caldwell, the post office inspector, by evidence of his good character. The evidence was first offered in rebuttal. The defendant, testifying in his own behalf, had admitted signing a written confession, but had stated that he did so at the instance of Caldwell, who knew it to contain untrue statements, and who promised defendant immunity if he signed it. This testimony of defendant tended to discredit Caldwell in a way that justified the government in proving his good character, in rebuttal of it.

[13, 14] The plaintiff in error excepted to portions of the court's general charge to the jury. The court charged the jury that the introduction of the transcript of the account of the defendant with the Auditor for the Post Office Department, showing a balance due the government from the defendant, made it incumbent on the defendant to explain the shortage. This is the effect given the transcript by section 225, as we construe it, especially when applied to the offenses charged under the

third and fourth counts of the indictment, under which alone the defendant was convicted. It was competent for Congress to so enact. The defendant was left the opportunity of denying or explaining away the prima facie effect of the transcript. The defendant also excepted to the court's charge upon the effect of the interest of the defendant upon the weight of his testimony. The charge was in the language of the Supreme Court in the case of Reagan v. United States, 157 U. S. 301, 15 Sup. Ct. 610, 39 L. Ed. 709, and was justified by the attitude of the defendant in offering himself as a witness in his own behalf. The other exceptions to the general charge present questions already passed upon under previous exceptions.

[15] The plaintiff in error requested a number of special charges. We have examined them in detail. Many of them present questions already decided adversely to plaintiff in error. None of them is sufficient to work a reversal of the judgment. The only one that requires specific mention was a direction to the jury that they could only convict the defendant upon one of the three counts of the indictment submitted to them. All the counts were based on the same shortage. This, however, would not prevent the jury from convicting on all three, since the same shortage might constitute all three offenses. It might be that the defendant should receive punishment under but one of the two counts on which he was convicted, both being based on the same criminal act. The record does not show that he was sentenced to a term in excess of what would be permissible, had the conviction been upon one count alone.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.