**BENTON HARBOR–ST. JOSEPH GAS & FUEL CO. v. MIDDLE WEST COAL CO.**

(Circuit Court of Appeals, Sixth Circuit. February 16, 1921.)

No. 3453.

1. **Pleading ⬤⟲146—All elements of recovery must be pleaded in counter-claim.**

   Where the defense is a counterclaim arising out of a different contract and relating to a different transaction from that sued on, and not a mere set-off growing out of the same transaction, the defendant must allege all the elements essential to recovery.

2. **Evidence ⬤⟲46—Court properly takes judicial notice of orders of Fuel Administration.**

   The trial court properly took judicial notice that the orders of the Fuel Administration fixing prices expressly exempted from their operation contracts in force at the time they were promulgated.

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Payment ⊂⇒82(4)—Voluntary payments in excess of Fuel Administration prices cannot be recovered.**

Even if a contract for the sale of coal at stipulated prices be construed to provide for readjustment of the prices to conform to the orders of the Fuel Administration, a buyer, who made no request for readjustment, but without objection voluntarily paid the price stipulated in the contract, cannot thereafter recover from the seller the amount of the payments in excess of the Fuel Administration prices.

4. **Pleading ⊂⇒237(6)—Defective allegation of counterclaim can be amended to conform to proofs.**

The omission from an allegation of counterclaim of an essential averment may be supplied by an amendment to conform the pleadings to the proofs, if the proofs show the facts essential to the recovery.

In Error to the District Court of the United States for the Southern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

Action by the Middle West Coal Company against the Benton Harbor-St. Joseph Gas & Fuel Company, in which the defendant asserted a counterclaim. Judgment for plaintiff, after objection to evidence in support of the counterclaim was sustained, and defendant brings error. Affirmed.

Jas. T. McAllister, of Grand Rapids, Mich. (Hatch, McAllister & Raymond, of Grand Rapids, Mich., and Jeffery, Campbell & Clark, of Chicago, Ill., on the brief), for plaintiff in error.

Julius H. Amberg, of Grand Rapids, Mich., and Murray Seasongood, of Cincinnati, Ohio (Willard F. Keeney and Julius H. Amberg, both of Grand Rapids, Mich., and Murray Seasongood, of Cincinnati, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the 22d day of August, 1919, the Middle West Coal Company brought an action in the District Court of the United States for the Western District of Michigan, Southern Division, against the Benton Harbor-St. Joseph Gas & Fuel Company, to recover balance due for coal sold and delivered by the plaintiff to defendant under the terms and conditions of a contract in writing dated May 24, 1918.

The defendant admits its indebtedness on this contract in the sum claimed by plaintiff, but asserts a counterclaim of $5,666.82, which it avers it paid to plaintiff upon another contract for the purchase of coal dated July 1, 1917, in excess of the maximum price therefor, authorized by the United States Government Fuel Administration. The answer also contains a second, third, and fourth defense, all of which are waived.

The plaintiff in writing demanded a bill of particulars, which was not furnished by defendant. After the jury had been impaneled and sworn and the cause stated, counsel for plaintiff objected to the introduction of any evidence under the plea and notice of set-off and recoupment: First, because no bill of particulars of the demand upon which the defendants seek to recover by way of set-off or counter-

claim had been filed; and, second, because upon the pleadings themselves there is no right in the defendants to recover any such demand.

The court refused to sustain this objection, upon the theory that no bill of particulars had been filed, but, without passing upon its merits, indicated that in its opinion the plaintiff had waived this by proceeding to trial without objection. It did, however, sustain the objection upon the ground that this first defense, set-off, and counterclaim fails to state the necessary elements of recovery. This objection was sustained without prejudice to any further action which the defendant might take thereon, and opportunity was given to the defendant to withdraw the same.

For the purpose of properly presenting the question in the record, the defendant was permitted to exhibit to the court certain letters exchanged between the plaintiff and defendant at the time the contract described in the counterclaim was made and executed. It is claimed on the part of the defendant that these letters must be read as part of that written contract. If it be conceded that the letter written by the plaintiff in error and forwarded to defendant in error, with the contract, and the reply of the Middle West Coal Company thereto must be read into the original contract of July 1, 1917. Nevertheless the plaintiff in error must fail in this action.

[1] This first defense in its plea and notice is not a mere set-off growing out of the transaction described in the declaration. On the contrary, it is a counterclaim arising out of an entirely different contract, relating to an entirely different transaction, although both contracts relate to the sale and purchase of coal. That being true, it was incumbent upon the defendant to allege the necessary elements of recovery. On the contrary, this defense and counterclaim merely recites the fact that a contract entirely apart from the one sued upon was made; that in this contract it agreed to pay for coal to be delivered under its terms $3.50 per net ton, f. o. b. mine; that, in case there were any changed conditions imposed by the government or not, this price was to be fixed and readjusted in a spirit of fairness and equity; that the price mentioned would be automatically adjusted to meet any price regulations fixed by the government of the United States; that the government did on the 21st day of August, 1917, fix a price of $2.35 a ton, which price obtained until October 11, 1917; that thereafter the government at various times fixed various prices up to and including May 25, 1918, which was the last price fixed by the government during the continuation of this contract.

[2] Further allegations of this defense are that the plaintiff shipped to the defendant 17,931,700 pounds of coal and collected from the defendant therefor the sum of $31,395.05, an excess of $5,666.83 over and above the maximum amount authorized by the United States Government Fuel Administration orders. It is admitted, however, that the Fuel Administration orders fixing prices expressly exempted from its operation contracts in force and effect at the time it was promulgated. The trial court also properly took judicial notice of this fact. Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415; Foster v. United States, 256 Fed. 207, 167 C. C. A. 423.

[3] There is, however, no averment in this first defense and counterclaim that this payment for coal delivered in accordance with the contract of July 1, 1917, and at the price named therein, was not voluntary on the part of the defendant, or that such payment had been made through mistake or induced by the fraud or fraudulent representation of the other contracting party. Nor does aught appear, except that each of the parties to that contract observed and performed its terms and conditions as therein written, without objection on the part of either and without complaint of any kind or character.

Under such circumstances there can be no recovery for money voluntarily paid without protest, without an allegation and proof of fraud, mistake, or duress, even though, under the contract and the letters taken in connection therewith, it was incumbent upon the part of the plaintiff below, in the spirit of fairness and equity, to have consented and agreed to a readjustment of the price. Lamborn v. County Commissioners, 97 U. S. 181, 185, 24 L. Ed. 926; Railway Co. v. Commissioners, 98 U. S. 541, 25 L. Ed. 196; Marmet Coal Co. v. People's Coal Co. (C. C. A. 6) 226 Fed. 647, 141 C. C. A. 402; Taylor & Sons v. Bank (C. C. A. 6) 212 Fed. 898, 902, 129 C. C. A. 418.

The facts in the case of L. Lazarus Liquor Co. v. Julius Kessler & Co. (No. 3391) 269 Fed. 520, decided by this court in December, 1920, are almost identical with the facts in this case, although in that case the defendant repudiated its contract and demanded payment of a larger sum before any goods would be delivered to the plaintiff. The plaintiff did protest as to this demand, but later, when the goods were ordered and shipped, it paid without protest the full amount demanded. This court held there could be no recovery.

[4] While the first defense and counterclaim contains no allegation that the contract price for this coal was paid under protest, or that defendant was induced to pay the same through fraud, mistake, or duress, yet that would not be of serious importance, if the evidence exhibited to the court tended to establish either of these grounds for recovery. In such case the court would have allowed, upon terms or otherwise as it may have thought proper an amendment to conform the pleadings to the proofs. For this reason we have examined the correspondence which was offered by defendant as tending to show a contract to readjust at the end of the period, and thus meet the objection that the payments were voluntary; but these letters wholly fail to show any definite contract obligation, and particularly do they fail to show an agreement to readjust at the end of the contract period, but rather, if at all, at the time of the happening of the contemplated conditions which would call for such readjustment in the price. Under the doctrine announced in the cases above cited, payment of the contract price after these conditions had arisen, without demand for a readjustment of this price, and without protest, and without a definite promise to readjust at the end of the contract period, cannot be recovered.

For the reasons stated, the judgment of the District Court is affirmed.