### BASICH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1921.)

No. 3678.

Criminal law ⟨⟩369(6)—Evidence held admissible, though tending to prove different offense.

On trial of a defendant charged with operating an illegal still, evidence that he was found at another place in possession of liquor similar, and in containers similar, to that found on the premises where the still was operated, *held* admissible, though it tended also to prove a different offense.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Criminal prosecution by the United States against John Basich. Judgment of conviction, and defendant brings error. Affirmed.

The indictment in this case contains three counts, upon the first and second of which a verdict of guilty was returned. The first count charges that the defendant kept and maintained a common nuisance in the town of Newburg, Or., to wit, a building wherein intoxicating liquor was manufactured and kept in violation of the National Prohibition Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305). The second count charges that the defendant manufactured intoxicating liquor at the same time and place, in violation of the same act.

The testimony shows that the still was operated from about the middle of May, 1920, until the 4th day of August of the same year. An accomplice of the defendant testified at the trial that the defendant furnished all materials used in the manufacture of the liquor and assisted in such manufacture, that all liquor so manufactured was removed from the premises by the defendant, and that the witness was simply an employee of the defendant, working for a salary of $300 per month. Other testimony was offered tending to show that the defendant visited the premises where the liquor was manufactured on numerous occasions during the spring and summer of 1920; that he brought to the building a part of the materials used in its construction, and was seen delivering filled grain sacks there.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The government then offered testimony tending to show that on the 28th day of June, 1920, the defendant had in his possession at the Oak Hotel in the city of Portland 24 pints of moonshine whisky; that the bottles containing the whisky were of a peculiar shape and form, similar to a large quantity of bottles found at the premises where the liquor was manufactured; and that the liquor in the bottles so found was made by the same process and was similar to the liquor found at the still. The defendant objected to the introduction of this testimony, on the ground that it tended to show the commission of a separate and distinct crime for which the defendant was under indictment. The court ruled that the testimony was competent, if connected up as promised by the government, and, if not connected up, it would be stricken. The government then offered proof tending to show the similarity of the liquor contained therein. At the close of the trial the following instruction, among others, was given:

"Now, there was testimony introduced in this case that in June of 1920 the defendant was apprehended with a suit case containing liquor. He is not on trial for that offense. That evidence is to be considered by you only as bearing upon the issues tendered by the indictment in this case. It was admitted for no other purpose, and is not to be considered by the jury for any other purpose; that is, unless you believe, beyond a reasonable doubt, that the defendant kept and maintained a nuisance, as I have defined that term to you, or that he manufactured intoxicating liquor, or that he transported intoxicating liquor, as stated in the indictment, you would not be justified in finding him guilty, simply because you believe that he was in possession of intoxicating liquors at the time of his apprehension."

The defendant has sued out a writ of error to reverse the judgment upon the verdict, and the admission of the testimony tending to show the possession of intoxicating liquor in Portland on the 28th day of June, 1920, is the sole error relied upon.

Barnett H. Goldstein, of Portland, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and Austin F. Flegel, Jr., Asst. U. S. Atty., both of Portland, Or.

Before GILBERT and HUNT, Circuit Judges; and RUDKIN, District Judge.

RUDKIN, District Judge (after stating the facts as above). The rule is of course elementary that, when a defendant is on trial for one offense, irrelevant testimony tending to show the commission of a separate and distinct crime is not admissible. But the rule is equally well settled that relevant testimony, tending to establish or prove the crime charged, cannot be rejected simply because it may tend to prove the commission of some other crime. Moore v. United States, 150 U. S. 57, 14 Sup. Ct. 26, 37 L. Ed. 996; Williamson v. United States, 207 U. S. 425–451, 28 Sup. Ct. 163, 52 L. Ed. 278; Lueders v. United States (C. C. A.) 210 Fed. 419–423. It seems manifest to us that testimony tending to show the possession by the defendant of similar liquor in similar containers while the still was in operation was relevant to the issue before the jury, and its admission as limited by the court was not error.

The judgment is therefore affirmed.