## ASTWOOD v. UNITED STATES.

(Circuit Court of Appeals. Eighth Circuit. June 20, 1924.)

No. 6410.

**1. Obstructing justice** ⊂⊃1—**Bail for accused, persuading her not to appear, guilty of offense.**

Surety on bond of accused, who corruptly persuaded accused not to appear in court in accordance with condition of her recognizance, obstructed administration of justice, in violation of Criminal Code, § 135 (Comp. St. § 10305), as effectually as if he had been stranger to bond; theory of law that accused is committed to custody of his bail not giving latter right to induce accused to refrain from appearance.

**2. Obstructing justice** ⊂⊃11—**Indictment for aiding in obstruction held to sufficiently allege knowledge by defendant.**

Indictment alleging that surety for accused knowingly endeavored to obstruct administration of justice, by inducing accused not to appear in accordance with bond, and that defendant knowingly aided surety in such offense, *held* sufficient allegation of knowledge by defendant that case was pending against accused.

**3. Indictment and information** ⊂⊃88—**Where specific intent not essential element, intent sufficiently alleged by alleging act constituting crime in apt and technical terms.**

Where specific intent is not an essential element of offense, and act necessarily includes intent, it is sufficient to allege act constituting crime in apt and technical terms, since from such act intent will be inferred without express averment.

**4. Witnesses** ⊂⊃52(7)—**Wife of codefendant, who had pleaded guilty, held competent to testify against defendant.**

Testimony of wife of codefendant was competent against defendant, where codefendant

had, prior to defendant's trial, pleaded guilty; she then having no interest in defendant's acquittal.

**5. Criminal law ☞673(5)—In prosecution for obstructing justice as to particular person, evidence of obstruction as to others held not erroneous.**

In prosecution for aiding M., bail for W., accused in another case, in obstructing justice by inducing W. not to appear and answer charge against her, evidence of arrangement between defendant and M., whereby defendant was to bring about dismissal of charges against W. and other accused persons, whose appearance bonds M. had also signed, *held* not objectionable, as showing another offense; court giving proper limiting instructions.

**6. Criminal law ☞369(2)—Exception to rule that evidence of other crimes is inadmissible stated.**

Rule that evidence of other crimes is inadmissible is inapplicable, where evidence of another crime tends directly to prove crime charged.

**7. Criminal law ☞369(2)—Where two distinct offenses inseparably connected, evidence proving one not excluded because it proves other.**

Where two distinct offenses are so inseparably connected that proof of one necessarily involves proof of the other, on prosecution for one, evidence proving it is not to be excluded because it also proves the other.

**8. Criminal law ☞396(2)—On defendant testifying to part of conversation, state allowed to show entire conversation.**

Where defendant, testifying in his own behalf, gave his version of conversation with prosecuting attorney, it was competent for latter to testify in rebuttal to entire conversation.

**9. Indictment and information ☞128—Counts for aiding in attempt to obstruct and in actually obstructing justice held properly joined.**

In indictment for obstructing administration of justice, count alleging that defendant aided and abetted bail for accused person in endeavoring to induce accused not to appear and answer charge against her was properly joined with another count, charging that defendant aided and abetted such bail in actually inducing such nonappearance; they being based on same transaction.

**10. Criminal law ☞1167(2)—Denial of motion to compel election between counts held harmless, in view of sentence.**

Overruling motion to require election between two counts of indictment was harmless, where defendant's sentence was for the same period on both counts to run concurrently.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Charles A. Astwood was convicted of attempting to obstruct administration of justice, and he brings error. Affirmed.

James M. Rader and Frank D. Rader, both of Kansas City, Mo., for plaintiff in error.

Charles C. Madison, U. S. Atty., and W. H. Hallett, Special Asst. U. S. Atty., both of Kansas City, Mo.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. The plaintiff in error, Charles A. Astwood, and one William C. Mallory, were charged by indictment containing two counts with the violation of section 135 of the Criminal Code, 35 Stat. 1113 (Comp. St. § 10305).

The first count charged that Mallory, on or about the 12th day of April, 1922, "unlawfully, knowingly, willfully, fraudulently, and corruptly" endeavored "to influence, obstruct, and impede the due administration of justice in the United States District Court for the Western Division of the Western District of Missouri, by unlawfully and corruptly attempting to induce and entice one Woodie Whittington to fail and neglect to appear and answer to a charge then and there pending against her, * * * by falsely and corruptly representing and stating and causing to be represented and stated to the said Woodie Whittington that the said case had been fixed by the payment of the sum of one hundred dollars ($100.00)," and "that all papers in the case had been destroyed, so it would be unnecessary for her, the said Woodie Whittington, to appear in said court to answer said charge."

It further charged that Astwood "did * * * unlawfully, willfully, knowingly, fraudulently, and corruptly counsel, aid and abet the said William C. Mallory to commit and in committing, the aforesaid offense in the manner and form as aforesaid."

The second count of the indictment charged the said William C. Mallory with a completion of the offense, which it was charged he attempted to commit by the first count of the indictment, and it charged that the defendant, Astwood, aided and abetted the said William C. Mallory in the commission thereof.

Astwood filed a demurrer to both counts of the indictment. The same was overruled. He then filed a plea in abatement to both counts of the indictment, which was likewise overruled. Mallory pleaded guilty. Astwood pleaded not guilty, was tried, found guilty, and sentenced on both counts of the indictment. From the judgment and sentence of conviction, he has sued out a writ of error to this court.

The facts are as follows: One Woodie Whittington had been bound over to await the action of the United States grand jury by a United States commissioner on the charge of violating the Harrison Narcotic

Act, and had given bond before the commissioner for her appearance at the April, 1922, term of the United States District Court, Western Division, Western District of Missouri. Mallory executed this bond as surety. Mallory also executed, as surety, bonds for Albert Marshall, Sidney Turner, and two others, conditioned for their appearance at the April, 1922, term of the United States District Court, Western Division, Western District of Missouri. Some time in March or April, 1922, Astwood falsely represented to Mallory that he was in a position to have the cases of the defendants for whom Mallory had signed as bondsman dismissed upon the payment of certain sums of money. Thereafter Astwood executed a writing in which he stated he had succeeded in having certain of these cases dismissed, among them being the cases against Woodie Whittington, Albert Marshall, and Sidney Turner, and authorized Mallory to collect from each of the defendants named the sum of $100 and to assure them that the cases pending against them had been dismissed. Mallory, in pursuance of his agreement and understanding with Astwood, went to Woodie Whittington and her husband on April 13, 1922, and told them the case pending against Woodie Whittington had been dismissed, that the indictment had been destroyed, and that it would not be necessary for her to appear in court on April 24, 1922, when the case against her was set for trial. He collected from her the sum of $50, and gave her a written receipt, in which it was stated the money was received in settlement of the case of United States against Woodie Whittington.

The written statement above referred to, signed by Astwood, was presented to the grand jury that returned the indictment in the instant case, and then returned to the files in the United States district attorney's office. The same was taken from the files in that office on or about the night of November 15, 1922. Diligent search was made in the office and among the files of the United States district attorney, but the same could not be discovered. After laying the foundation for secondary evidence, the government offered evidence to show the contents of the statement and the fact that Astwood signed the statement and delivered it to Mallory.

It was also shown that Astwood met Albert Marshall, one of the defendants mentioned in the paper, in the Federal Building, in the presence of Mallory and one Dinnery, and there collected from him the sum of $100, $50 of which was paid to Astwood and

$50 to Mallory, in consideration of the promise of Astwood that he would have the case pending against Marshall dismissed. It was also shown that one Turner met Astwood and Mallory at Mallory's home, that Astwood assured Turner he had already fixed the case against Turner, and thereupon Turner paid Astwood and Mallory $100.

The case against Woodie Whittington was called for trial on April 24, 1922. She failed to appear, because Mallory had told her that the case against her was dismissed and the papers destroyed. Her appearance bond was forfeited and a capias issued.

There are 39 assignments of error. Many of them are not argued in the brief, are without merit, and will not be discussed.

[1] The third assignment of error is predicated upon the overruling of the plea in abatement. Counsel for Astwood contend that, since Mallory was a surety for Woodie Whittington on her bond, Whittington, the accused, was, in legal contemplation, in the custody of Mallory, the surety, from the moment the bond of recognizance was executed until she was discharged or recommitted, and therefore the facts set out in the indictment could not constitute a violation of section 135 of the Penal Code. While it is the theory of the law that the accused, who gives bail for his appearance, is committed to the custody of the sureties on his bond as to jailers of his own choosing, and that he is so far placed in their power that they may at any time arrest him upon the recognizance and surrender him to the court, this does not give a surety the right to induce the accused not to voluntarily appear before the court in accordance with the condition of the bond. If Mallory corruptly persuaded Woodie Whittington not to appear in court in accordance with the condition of her recognizance, he impeded the due administration of justice just as effectually as if he had been a stranger to the bond.

The fourth assignment of error is predicated upon the overruling of the demurrer to the indictment. Counsel for Astwood charge that the indictment was defective in two particulars: One, that it did not allege Astwood knew a case was pending against Woodie Whittington; the other, that it did not allege that any of the acts on the part of Astwood were done with an intent to impede justice.

[2] The first count of the indictment alleges that Mallory knowingly endeavored to influence, obstruct, and impede the due administration of justice by doing certain

things which are specifically described and set out, and alleges that Astwood knowingly did aid and abet Mallory to commit and in committing the offense charged against Mallory. The second count of the indictment is substantially the same, except that it charged the completed offense against Mallory. This was a sufficient allegation of knowledge on the part of the accused. U. S. v. Clark (C. C.) 37 Fed. 106; U. S. v. Nathan (D. C.) 61 Fed. 936; Price v. U. S., 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727; Wallace v. U. S. (C. C. A. 7) 243 Fed. 300, 156 C. C. A. 80.

[3] Where a specific intent is not an essential element of the offense and the act necessarily includes the intent, it is sufficient to allege the act constituting the crime in apt and technical terms, because from such act the intent will be inferred without express averment. Holsman v. U. S. (C. C. A. 9) 248 Fed. 193, 160 C. C. A. 271; People v. Butler, 1 Idaho, 231; Broaddus v. Commonwealth, 126 Va. 733, 101 S. E. 321. The indictment in this case met the requirements of the foregoing rule.

[4] The twenty-first assignment of error is based upon the overruling of the objection to the testimony of Mrs. W. C. Mallory, the wife of Astwood's codefendant.

In the case of Jin Fuey Moy v. U. S., 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. 214, the court said:

"The rule that excludes a wife from testifying for her husband is based upon her interest in the event, and applies irrespective of the kind of testimony she might give."

In the instant case the husband of the witness, while jointly indicted with Astwood, had theretofore pleaded guilty, so that the witness had no interest in the acquittal of Astwood. She was therefore a competent witness. Gill v. State, 59 Ark. 422, 27 S. W. 598; Moffit v. State, 2 Humph. (Tenn.) 99, 36 Am. Dec. 301.

[5-7] The twenty-second, twenty-third, twenty-fourth, and twenty-fifth assignments of error charge the erroneous admission of evidence, over objection, concerning the transactions between Astwood and Sidney Turner and Albert Marshall relating to the dismissal of criminal cases pending against Turner and Marshall. By the thirty-seventh assignment of error it is contended that the court erred in its charge with reference to this testimony. The objection urged is that this evidence had to do with other distinct and separate crimes. The evidence showed that at the inception of the relationship between Astwood and his codefendant Mallory

an arrangement was made whereby Astwood was to bring about a dismissal of the charges against five defendants whose appearance bonds Mallory had signed as surety. Woodie Whittington was one of the five. In the course of the transaction Astwood signed the written statement or certificate referred to above. This writing was taken from the office of the district attorney, and the government was unable to produce the original. The existence of this writing and its contents were an issue at the trial. This evidence corroborated the proof as to the existence and contents of the writing. It was quite impossible to separate the transaction with and concerning Woodie Whittington from the transaction with the other defendants, and the evidence of the transaction with the other defendants was also strongly corroborative of the transaction with Woodie Whittington out of which the offense charged grew. As a general rule evidence of other crimes is inadmissible, but to this rule there are certain well-recognized exceptions. It does not apply where the evidence of another crime tends directly to prove the crime charged, and evidence which is relevant to defendant's guilt is not rendered inadmissible because it proves or tends to prove him guilty of another separate and distinct crime. Tucker v. U. S. (C. C. A. 6) 224 Fed. 833, 140 C. C. A. 279; Lueders v. U. S. (C. C. A. 9) 210 Fed. 419, 127 C. C. A. 151; Jones v. U. S. (C. C. A. 9) 179 Fed. 584; Wagman v. U. S. (C. C. A. 6) 269 Fed. 568; Basich v. U. S. (C. C. A. 9) 276 Fed. 290; State v. Adams, 20 Kan. 311; People v. Marble, 38 Mich. 117.

It often happens that two distinct offenses are so inseparably connected as in the instant case that the proof of one necessarily involves proof of the other, and in such case on the prosecution for one, evidence proving it should not be excluded because it also proves the other. State v. Willette, 46 Mont. 326, 127 Pac. 1013; State v. Graves, 21 N. M. 556, 157 Pac. 160; State v. Roberts, 15 Or. 187, 13 Pac. 896; Rex v. Bond, 2 K. B. 389.

In Rex v. Bond, supra, the court said:

"The general rule cannot be applied where the facts which constitute distinct offenses are at the same time part of the transaction which is the subject of the indictment. Evidence is necessarily admissible as to acts which are so closely and inextricably mixed up with the history of the guilty act itself as to form part of one chain of relevant circumstances, and so could not be excluded in

the presentment of the case before the jury without the evidence being thereby rendered unintelligible."

The court properly instructed the jury that they were not trying Astwood for anything that he may have done with reference to his dealings with Turner and Marshall, and clearly limited the evidence to the purpose for which it was admissible in this case. There is no merit in these assignments of error.

[8] The thirty-first assignment of error is based upon the admission of certain evidence testified to by the assistant district attorney concerning a conversation between him and Astwood prior to the trial. Astwood, while testifying in his own behalf, gave his version of this conversation. It was competent for the assistant district attorney in rebuttal to testify to the entire conversation.

The thirty-sixth assignment of error is predicated upon the following portion of the court's charge:

"It is in evidence here that upon the day when this case was called for trial the defendant, Woodie Whittington, did not appear, because of the fact that she had been advised that her case was settled, that the papers had all been torn up and thrown in the waste basket, so she said, and it would not be necessary for her to appear."

The objection made is that there is no evidence in the record to sustain this statement on the part of the court. Woodie Whittington and Morris Whittington, her husband, both testified expressly to the facts referred to by the court in its charge.

The assignment of error based on the overruling of the demurrer to the evidence is not well taken. The allegations of the indictment are fully sustained by the evidence.

[9, 10] At the close of the evidence counsel for Astwood moved to require the government to elect between the two counts of the indictment. This motion was overruled and this action of the court is assigned as error. Both counts of the indictment were based on the same transaction and were properly joined. Foster v. U. S. (C. C. A. 5) 256 Fed. 207, 167 C. C. A. 423; McGregor v. U. S. (C. C. A. 4) 134 Fed. 187, 69 C. C. A. 477; Wallace v. U. S. (C. C. A. 7) 243 Fed. 300, 156 C. C. A. 80. The sentence of the court was for the same period on both counts, to run concurrently, and the plaintiff in error suffered no harm on account of the overruling of this motion.

We find no reversible error in this record, and the judgment is therefore affirmed.