## FORD et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 16, 1924. Rehearing Denied January 30, 1925.)

No. 4425.

1. Embezzlement ⬡29, 30—Allegation of ownership or value held unnecessary in indictment for embezzlement by internal revenue officer.

In an indictment under Criminal Code, § 97 (Comp. St. § 10265), against officers in the internal revenue service for embezzlement and conversion of liquor seized by them as such officers, it is unnecessary to allege the ownership or value of the liquor.

2. Witnesses ⬡361(1)—Testimony as to good character should be directed to reputation.

A question as to the good character of a witness should be directed to his general reputation for some particular trait of character, and not to the personal knowledge of the witness testifying.

3. Witnesses ⬡361(1)—Character of a witness does not become an issue unless it is attacked.

The character of a witness does not become an issue in a case unless and until it is attacked, and a mere contradiction of his testimony is not such an attack.

4. Witnesses ⬡361(1)—Testimony of character witnesses held inadmissible.

Testimony of character witnesses introduced simply to add weight to the testimony of a witness who has been contradicted, but whose character has not been attacked, is inadmissible.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Criminal prosecution by the United States against William B. Ford and others. Judgment of conviction, and defendants bring error. Reversed, with directions for new trial.

J. J. Curtis, of Jasper, Ala., and M. C. Stewart, of Birmingham, Ala. (Coleman, Coleman, Spain & Stewart, of Birmingham, Ala., and Curtis, Pennington & Pou, of Jasper, Ala., on the brief), for plaintiffs in error.

C. B. Kennamer, U. S. Atty., of Guntersville, Ala., and Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

BRYAN, Circuit Judge. This is a prosecution under section 97 of the Criminal Code (Comp. St. § 10265). The first count of the indictment, after describing the defendants as officers and employees in the internal revenue service of the United States, charges that they did "unlawfully, wrongfully, and feloniously convert to their own use, and embezzle, certain property which had come into their possession and under their control in the execution of their said offices aforesaid, and under color and claim of authority as such officers aforesaid, to wit, a large quantity of intoxicating liquor, to wit, 153 quarts of whisky." The second count is similar to the first, except that it alleges that the property was in the possession of one of the defendants, and was converted by all of them to their own use. A demurrer to these two counts, on the grounds that the ownership and value of the whisky are not alleged, was overruled.

During the trial R. B. Doe, who was employed as a prohibition officer, and who in common with the defendants used and occupied several rooms in the federal building at Birmingham, testified for the government that he and the defendants took some liquor which had been seized and stored, and related conversations which he claims he had with the defendants indicating their guilt. The defendants, testifying in their own behalf, denied their guilt, denied the conversations related by Doe, and in addition gave testimony which indicated Doe's guilt; but they offered no other testimony which could be construed as an attack upon Doe's character. In rebuttal, the government was permitted, over the objection of the defendants, to introduce the testimony of several witnesses to the effect that Doe's character was good and that they would believe him on oath. The questions calling for this testimony were so framed as to invite answers relating to Doe's character generally, and were not limited to any particular trait of character.

The defendants were convicted on the first, second, and several other counts of the indictment. The overruling of the demurrer to the first and second counts, and the ruling of the court admitting testimony as to the good character of the witness Doe, are assigned as error.

[1] An allegation of ownership of property stolen or embezzled is usually required in indictments, not because ownership is material, but for the purpose of identification, so that a defendant may prepare his defense and protect himself against a subsequent prosecution for the same offense. An allegation that the owner was unknown would have been sufficient in this case, and, it may be conceded, would have made the indictment better. But we think the challenged counts are sufficient, as the defect is at most one of form only. The property could not have been that of the defendants, or any of them, and whether it belonged to the United States, or some person other than the defendants, was immaterial. It came into the custody of the defendants under circumstances which made their taking of it an offense under the statute. For the same reasons, it was unnecessary to allege value. Hoback v. United States (C. C. A.) 284 F. 529.

[2, 3] The questions which elicited the evidence of Doe's good character were not in proper form. The inquiry, if admissible, should have been directed to general reputation for some particular trait of character; for it is such reputation, and not personal knowledge, which is admissible for the purpose of proving character. But, assuming that the questions were proper, we are of opinion that it was prejudicial error to admit the testimony. Although there is a conflict in the authorities, we think the better rule is that the character of a witness does not become an issue in the case unless and until it is attacked. A contradiction of testimony, although irreconcilable, is not an attack upon the character of the witness who gave it. The admission of character evidence to sustain one witness, who has not been impeached, would require the admission of like evidence to sustain all such witnesses. Such evidence would lead to a confusion of issues, and might easily result in injustice whenever a prominent witness, whose reputation is well known, is contradicted by an obscure witness, whose reputation is unknown, or not so well known.

[4] By the great weight of authority, as well as upon principle, as it appears to us, testimony of character witnesses, introduced simply to add weight to the testimony of a witness who has been contradicted, but whose character has not been attacked, is inadmissible. L. & N. R. R. Co. v. McClish, 115 F. 268, 53 C. C. A. 60; 1 Greenleaf, § 469a; 2 Wigmore (2d Ed.) § 1109, and cases there cited. The contrary rule was followed by this court in Foster v. United States, 256 F. 207, 167 C. C. A. 423, in an opinion by the able District Judge who tried the case at bar. Upon further consideration we are constrained to overrule that decision upon the question here and now involved.

Inasmuch as it will be necessary to order a new trial, it is proper to say that we have examined the remaining assignments of error, which relate to rulings upon evidence, upon requests by the defendants for instructions, which were refused, and that in our opinion there was no error in any of such rulings.

The judgment is reversed, with directions for a new trial.