## SMYER et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. May 8, 1925.)

No. 4509.

Post office ⟨key⟩7(2)—Money collected by an employee on delivery of C. O. D. parcels is "public money," for the safe-keeping of which the postmaster is responsible on his bond.

Money collected by a post office employee on delivery of C. O. D. parcels post packages, for which money orders are to be issued to the senders of the packages, is "public money," and under Rev. St. § 3846 (Comp. St. § 7208), the postmaster is responsible on his bond for its safekeeping.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series. Public Money.]

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by the United States against Rufus B. Smyer and the United States Fidelity & Guaranty Company. Judgment for the United States, and defendants bring error. Affirmed.

E. J. Smyer and B. F. Smith, both of Birmingham, Ala., for plaintiffs in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error to review a judgment recovered by the United States in a suit upon the official bond of Rufus B. Smyer as postmaster at Birmingham. The bond is conditioned that the postmaster should "faithfully discharge all the duties and trusts imposed on him by law and by the regulations of the Post Office Department."

The facts were agreed upon. John A. Smith, a civil service employee, was assistant superintendent of mails. It was his duty to deliver the amounts received by him from collections on C. O. D. parcel post packages to an employee in the money order division, in order that money orders might be issued and mailed to the senders of the packages. It appears that the postmaster was not guilty of any wrongdoing, or even of negligence. The judgment was for $9,257.11, that being the amount which the employee, Smith, collected on C. O. D. parcel post packages and converted to his own use.

The government relies on Rev. St. § 3846 (Comp. St. § 7208), which requires postmasters to keep safely all public money collected by them or which may come into their possession. It is contended on behalf of defendants that the money collected upon delivery of the C. O. D. parcel post packages was not public money, but belonged to the senders of the packages, and that the assistant superintendent of mails held it, not as a post office employee, but in his individual capacity in trust for private owners. In our opinion, money received by a post office employee, to be used for purchasing a money order, at once becomes public money. It was intended that the Post Office Depart-

ment should keep the actual money collected by it, and discharge its obligation by delivering to the person entitled its order for other money. Section 4045 of the Revised Statutes (Comp. St. § 7577) provides that "all money received for the sale of money orders * * * shall be deemed and taken to be money order funds and money in the Treasury of the United States." It can hardly be doubted that money order funds are public funds. Foster v. United States, 256 F. 207, 167 C. C. A. 423. But it is insisted that this section does not apply until the purchase of a money order has actually been made. United States v. Mann (D. C.) 160 F. 552, decided by the District Court for the Southern District of Georgia, is cited to support this position. That decision is contrary to the ruling of this court in Foster v. United States, supra.

The money received by the assistant superintendent of mails for the sale of money orders being public money belonging to the Post Office Department, the postmaster became liable for its safe-keeping. The fact that it was embezzled by an employee of the post office without any fault on the part of the postmaster is no defense to a suit upon the postmaster's bond. Smythe v. United States, 107 F. 376, 46 C. C. A. 354, decided by this court and affirmed in 188 U. S. 156, 23 S. Ct. 279, 47 L. Ed. 425. In that case the Supreme Court, after a full review of the authorities, held that the obligations of a bond are not determinable by the law of bailment, but by the terms of the bond.

It is argued that a postmaster ought not to be held liable on his bond because C. O. D. parcel post packages are insured by the government, and that to allow a recovery is to permit the government to make postmasters liable for such insurance. A similar contention with reference to Treasury notes was held to be untenable by the Supreme Court in the Smythe case.

The judgment is affirmed.